# Marsh v. Marsh.

*Bill in Equity for Reformation of Deed.*

1. *Reformation of deed, on ground of mistake; sufficiency of evidence.* A court of equity will not decree the reformation of a written instrument on the ground of mistake, on parol evidence only, unless the mistake is plain, and is clearly established by full and satisfactory proof.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 7th November, 1882, by Needham Marsh, against Jefferson Marsh, who was his son, and against James Hall and wife; and sought the reformation of a conveyance of a tract of land, executed by said Hall and wife, in which the name of said Jefferson Marsh was inserted as the grantee. The deed was dated the 18th November, 1869, recited the payment of $480 by said Jefferson Marsh as its con-

sideration, was signed by the grantors by mark only, and was duly acknowledged by them, on the day of its date, before the justice of the peace by whom it was written. The bill alleged that, by mistake of the draughtsman, the lands intended to be conveyed were not correctly described, and the name of said Jefferson was inserted instead of the complainant's own name; that he had allowed said Jefferson to take possession of the land as his tenant, and discovered the mistake in the deed, on the said Jefferson's refusal to surrender the possession, about two months before the bill was filed. An answer to the bill was filed by Jefferson Marsh, denying the alleged mistake, and alleging that his father bought the land for him, and placed him in possession under the deed; and that his father never claimed the land, or asserted that there was a mistake in the deed, until after the death of the draughtsman. A decree *pro confesso* was entered against Hall, and his deposition was afterwards taken by the complainant; the substance of his testimony being, that the purchase-money for the land was paid by the complainant, he and his son both being present, and that he did not recollect to which one of the two the deed was delivered, but that the contract for the purchase was made with said Jefferson. The complainant testified as a witness for himself, and stated the facts as alleged in the bill; and he took the depositions of several witnesses, who testified as to declarations by said Jefferson, while in possession of the land, that it belonged to his father. On final hearing, on pleadings and proof, the chancellor held the evidence insufficient to authorize a reformation of the deed, and therefore dismissed the bill; and his decree is now assigned as error.

W. D. ROBERTS, for appellant.

SOMERVILLE, J.—The rule is uniformly settled, that a court of equity will not reform a written instrument, by correcting an alleged mistake in it, on parol evidence, unless the mistake is plain, and clearly established by full and satisfactory proofs.—*Clopton v. Martin*, 11 Ala. 187; 1 Brick. Dig. 685, § 664, and cases cited ; 1 Story's Eq. Jur. § 157. As expressed by Mr. Waterman, "the parol testimony must be clear and strong, and such as to leave no doubt of the mistake."—Waterman on Spec. Perf. § 380. In many adjudged cases, it has been said, that the mistake must be proved "beyond a reasonable doubt." *Hudson Iron Co. v. Stockbridge Iron Co.*, 107 Mass. 290; *Shattuck v. Gay*, 45 Vt. 87; *Edmonds' appeal*, 59 Penn. St. 220. It is said by Mr. Story, that all relief is forbidden, "whenever the evidence is loose, equivocal, or contradictory, or it is in its texture open to doubt, or to opposing presumptions."—1 Sto-

[Bell v. The State.]

ry's Eq. Jur. (12th ed.) § 157. Mr. Pomeroy, in his recent and most excellent treatise on Equity Jurisprudence, says: "The authorities all require, that the parol evidence of. the mistake, and of the alleged modification, must be most clear and convincing: in the language of some judges, 'the strongest possible;' or else the mistake must be admitted by the opposite party; the resulting proof must be established beyond a reasonable doubt. Courts of equity do not grant the high remedy of reformation, upon a probability, nor even upon a mere preponderance of evidence, but only upon a certainty of the error." 2 Pom. Eq. Jur. § 859, *Note* 2, and cases cited.

The application of this rule is fatal to the present case. The evidence is far from being sufficiently clear and satisfactory, to establish the alleged mistake in the deed made by Hall to the defendant, Jefferson Marsh. The chancellor so decided, and his decree is affirmed.