# Weathers *v.* Hill.

*Bill in Equity for Reformation of Deed for Land.*

1. *Reformation of deed by correcting mistake in description of land, at instance of subsequent purchaser; prior to request for correction.*—A court of equity will reform and partially cancel a conveyance of lands, by correcting a mistake in the description, at the instance of a subsequent purchaser of the portion erroneously included, on clear and distinct proof of the mistake, and reasonable diligence on the part of the purchaser in discovering and applying for the correction of the mistake; and it is not necessary to allege a prior request for the correction of the mistake, when facts are stated which show that it would have been a vain and useless formality.

2. *Same; resulting deficiency to first purchaser.*—The first purchaser, whose conveyance included a tract of land not within the contemplation of the parties, can not resist its reformation at the instance of a

[Weathers v. Hill.]

subsequent purchaser of that tract, on the ground that a deficiency would result in the number of acres in his own tract, when it appears that he got the tract for which he contracted, paid the purchase-money in full, never asked an abatement, and continued in possession for fifteen years without complaint, until the subsequent purchaser filed his bill to correct the mistake.

3. *Decree vesting or divesting title to lands.*—Under a bill for the reformation and partial cancellation of a deed, at the instance of a subsequent purchaser of a part of the tract included by mistake, a decree for the complainant should not directly declare the title divested out of the defendant and vested in him (Code, § 3595), but should require the defendant to execute a proper conveyance under the supervision of the register, and declare that, in default thereof, the decree shall operate to vest the title.

APPEAL from the Chancery Court of Randolph.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the —— day of ——, 18—, by the appellee, I. G. Hill, against the appellant, J. T. Weathers. The prayer of the bill was that a deed made by one Pittman and wife to the respondent might be reformed, and the same removed as a cloud on the complainant's title. The bill alleged, and it was proved, that in October, 1874, said Pittman and wife sold to the respondant, J. T. Weathers, a certain tract of land; that in making the conveyance thereto, the draughtsman made a mistake in the description of the lands intended to be conveyed by it; that it was intended to convey the lands of Pittman which lay *west* of the W. D. Mickel road, while in fact the conveyance was made to include also the lands *east* of the W. D. Mickel road. It was also averred in the amended bill that there was a mutual understanding and agreement between Weathers and the said Pittman, that the former bought only such lands as lay west of the W. D. Mickel road. The bill further averred, and it was proved, that in August, 1879, said Pittman and his wife conveyed all of said land east of the W. D. Mickel road to George W. Hill; that in December, 1881, said George W. Hill and wife conveyed to the complainant, I. G. Hill, the lands so bought by G. W. Hill from Pittman; that in his deed the lands are described just as they are in the deed from Pittman and wife to G. W. Hill; that in December, 1888, the complainant discovered that a mistake had been made in the description of the lands conveyed in the deed from Pittman and wife to George W. Hill, and also from Pittman and wife to the respondent, and that to correct this mistake, said Pittman and wife executed to the complainant a new deed in which the lands purchased by him from G. W. Hill are properly described, a portion of them being the lands lying east of the W. D. Mickel road. The principal contention upon which respondent rests the right to

defeat the relief prayed for by the complainant, is shown in the opinion. There was a demurrer to the amended bill, and a motion was made to dismiss same for want of equity, both of which were overruled. On the final hearing, upon the pleadings and proof, the chancellor decreed that the complainant was entitled to the relief prayed for, and the substance of the decree will be found in the opinion. The respondent brings this appeal, and assigns this decree as error.

JAMES AIKEN, and R. S. PATE, for appellant.—The mistake must be mutual.—*Guilmartin v. Urquhart*, 82 Ala. 570; *Turner v. Kelly*, 70 Ala. 85; 55 Ala. 548; 5 Am. St. Rep. 816. The appellants insist that the evidence produced by the appellee is totally insufficient to establish a mutual mistake, under the rules of law in such cases; for the evidence must be clear, positive and convincing.—*Guilmartin v. Urquhart*, 82 Ala. 570; *Turner v. Kelly*, 70 Ala, 85; *Hinton v. Ins. Co.*, 63 Ala. 488; 1 Brick. Digest, p. 85, § 664.

N. D. DENSON, *contra.*—I. G. Hill, being the derivative purchaser, can maintain the bill.—*Thompson v. Hudspeth*, 46 Ala. 470. The demurrers were properly overruled.—*Battle House Co. v. Robbins*, 74 Ala. 499.

WALKER, J.—It is well settled that the reformation of a conveyance, or other written instrument, because of an alleged mistake therein, will not be decreed unless such mistake is fully and satisfactorily shown by clear and distinct proof. *Marsh v. Marsh*, 74 Ala. 418; *Guilmartin v. Urquhart*, 82 Ala. 570; 1 Brickell's Digest, 358. Though much of what was said by the witnesses in this case must be discarded as irrelevant and incompetent evidence, and though it is impossible to reconcile the conflicts in the testimony, still, after carefully going through the evidence, and sifting out such of it as is illegal, and rejecting what is obviously unsatisfactory and untrustworthy, we can not avoid the conclusion that in the drafting of the deed of Pittman and wife to Weathers a mistake was made in including that part of the land which was also included in the descriptions in the conveyances subsequently made to G. W. Hill and to I. G. Hill respectively. The deed in question was written by Mr. Handley, who was a disinterested witness of what occurred at the time of the sale and conveyance of the land. It clearly appears from his testimony that the understanding of both Pittman and Weathers was that the deed was to cover only that

part of the former's land lying West of what was known as the
W. D. Mickle road. The witness makes plain how he fell
into the error in framing a description of the land intended to
be conveyed. The version of the transaction given by this
witness is strongly corroborated by the preponderance of the
testimony to the effect that Weathers took possession under
his deed only of the land lying West of the Mickle Road, that
Pittman retained possession and control of the strip of land
East of that road, which is the subject of dispute in this case,
until he sold and conveyed that with other land to G. W. Hill,
and that G. W. Hill and I. G. Hill successively have possessed
and controlled that strip of land since the date of the former's
purchase from Pittman. It is true that the appellant Weathers
claims that all the land described in the deed to him was in-
tended to be conveyed, and that since the date of his pur-
chase in 1874 he has had possession and control of the strip
in dispute. Of the evidence in support of this contention it
suffices to say that it does not satisfactorily explain how such
claim can be reconciled with I. G. Hill's conduct unequivo-
cally indicating a continued assertion by him of a claim of
ownership, which claim, as to part at least of the property in
dispute, was acquiesced in by Weathers, as is shown by his offer
to purchase from Hill a house located on that land. It ap-
pears from the record that the deed to Weathers, in which is
the alleged mistaken description, was not recorded until 1886,
twelve years after its execution, and seven years after the
execution by Pittman of the deed to G. W. Hill. The record,
therefore, did not afford notice to G. W. Hill or to I. G. Hill,
at the dates of their respective purchases, that a portion of the
land included in the deeds to them was also described in a
former conveyance by Pittman. It further appears that the
bill in this case was filed within a reasonable time after the
discovery of the alleged mistake and of Weathers' assertion of
a claim to the strip in dispute.

The bill as amended sufficiently avers wherein the mistake
consists and the ground of relief therefrom. It does not, how-
ever, aver that a request had been made for the correction of
the mistake, and one of the grounds of demurrer sets up this
lack of averment as a defect in the bill. The allegations in
the bill to the effect that the defendant Weathers had com-
menced to trespass upon the stip of land in dispute and was
actively setting up a claim thereto under his deed show a state
of facts sufficient to relieve complainant of the duty of request-
ing a correction of the mistake before filing the bill; for the
bill makes it plain that Weathers had assumed such an atti-
tude in reference to the matter as to exclude all hope or ex-

pectation of securing his compliance with such request. The observance of a vain and fruitless ceremony is not by the law made a prerequisite to the assertion of a right.—*Robbins v. Battle House Co.*, 74 Ala. 499.

It is further urged in behalf of the appellant that a reformation of the deed to him should not be decreed because the effect would be to leave him with twenty-one acres less land than he bought and paid for. The testimony does strongly tend to show that it was understood between Weathers and his vendor that there were at least two hundred acres in the tract intended to be conveyed and that the purchase price was fixed by counting two hundred acres at seven dollars and a half per acre. The result of a survey made not long before the commencement of this suit was to show that the description in the deed to the appellant includes a fraction over two hundred and fourteen acres and that about one hundred and seventy-nine acres would be left after excluding the strip of land in dispute. It may be that if Weathers had made timely application he would have been entitled to an abatement of the purchase-money because of the deficiency in quantity of the land acquired by him under the purchase.—*Hodges v. Denny*, 86 Ala. 226. It satisfactorily appears, however, that he got the whole of the tract of land which he intended to purchase, that he went into possession and thereafter paid the notes given for the deferred instalments of the purchase-money without claiming any abatement therefrom because of the alleged deficiency, and continued in possession for more than fifteen years without setting up any such claim against his vendor. After the lapse of so long a time, during which the purchaser was in possession of the land and enjoying full opportunities to observe any deficiency in the area which he supposed he had acquired, it must be presumed either that the quantity of land was not regarded as of the essence of the contract or that the objection on account of the deficiency has been waived or adjusted.—*Ferson v. Sanger*, 1 Wood & M. 147; *Farley v. Briant*, 32 Me. 483; *Grymes v. Sanders*, 93 U. S. 62; *Davis v. Evans*, 62 Ala. 401. The claim, urged now for the first time, has the appearance of an afterthought suggested to defeat the correction of a mistaken description rather than to secure to the appellant a part of what he thought he had acquired. The position of the appellee in reference to the erroneous description which casts a cloud over his title is very different from that of the appellant as to the alleged deficiency in the area of his land. The former has promptly sought the correction of the mistake against his interest; while the latter, all along enjoying the fullest oppor-

tunity to see whether he had more or less land than he expected to get, has waited so long without complaint, as to raise up against himself the presumption that he did not regard the error against him as material or that it has been satisfactorily settled. At this late day his complaint that he did not get as much land as he paid for can not avail to enable him to retain the record title to a strip of land which was not understood to be included in his purchase. As the appellant's contention on this score would, for the reason stated, have to be rejected, whether made the basis of an application for relief or set up merely by way of defense, it is unnecessary to determine whether, in a proper case, such a claim must be asserted by a cross-bill, or could be availed of by averment in the answer alone, so that when supported by proof the allowance of compensation for the shortage in land would be made a condition to the granting of relief in reference to the erroneous description alleged in the bill.— *Woodall v. Kelly*, 85 Ala. 368.

It was decreed by the Chancery Court that the strip of land in dispute lying East of said W. D. Mickle road be divested out of said defendant I. T. Weathers and invested in the complainant I. G. Hill. Such direct divestiture of title is not authorized by the statute upon this subject.—Code of 1886, § 3595; *Prewitt v. Ashford*, 90 Ala. 294. The decree will be here so modified as to direct that said defendant I. T. Weathers shall, before the 15th day of August, 1891, under the supervision of the register, execute a proper deed of conveyance to the complainant, I. G. Hill, of said strip of land lying East of said W. D. Mickle road, and in default of the execution of such deed on or before the date mentioned, said decree as so modified shall operate to vest the title to said strip of land in said complainant as fully as if said conveyance had been made.

With this modification the decree is affirmed.

Modified and affirmed.

| 92 | 497 |
| 93 | 574 |
| 92 | 497 |
| 107 | 351 |

*Bill in Equity for Reformation of Deed, and Injunction of Action at Law.*