[George Bieler's Sons v. Dreher.]

# George Bieler's Sons *v.* Dreher.

*Bill in Equity to Correct Mistake in Description of Lands Conveyed in a Deed.*

1. *Bill to correct description of lands conveyed in a deed; not necessary to aver possession by complainant; granting of additional relief.*—In order to maintain a bill seeking the correction of a mistake in the description of lands conveyed in a deed, it is not necessary that the complainant should be in possession of said lands; and if in such a bill it is further averred that after the execution of the deed sought to be reformed, an alleged creditor of the grantor levied a writ of attachment upon said property, the court, after having acquired jurisdiction to reform the deed, can retain the bill and grant the complainant full relief, in accordance with his prayer, by enjoining the attachment proceeding and annulling the writ and levy as a cloud upon his title to the lands described in the bill.

2. *Priority of lien of attachment; effect of misdescription of land in deed.*—Where in the execution of a deed, there is a misdescription of the lands intended to be conveyed, and after the execution of such instrument, a writ of attachment sued out by a creditor of the grantor is levied upon the lands which were intended to be conveyed, the lien created by the writ of attachment, although based upon an indebtedness which pre-existed the execution of the deed, is subordinate to the equities of the grantee in said deed, and the creditors thus suing out the attachment can claim nothing against such creditor by reason of the levy of their said attachment.

3. *Husband and wife; alienation of separate property of wife when abandoned by husband.*—Where a husband has abandoned his wife, it is not necessary to the valid execution of a deed by the wife, by which she seeks to convey her separate property, that her said husband should join in the conveyance with her, (Code, § 2528).

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee against the appellants. The purpose of the bill and the facts of the case are sufficiently stated in the opinion.

To the bill as filed and as amended, the respondents, George Bieler's Sons demurred upon the ground that the bill did not aver that the complainant was in possession of the lands involved in the suit, and because the bill does not allege or show that the respondents ever had notice or knowledge of the alleged purchase by the complainant of the lands levied upon under their writ of attachment, and further, becaue the complainant did not aver a sufficient excuse for the failure of the husband of Sophia Brockmeier to join in the deed alleged to have been made by Sophia Brockmeier to the complainant. The respondents also moved to dismiss the bill for the want of equity.

Upon the submission of the cause upon the demurrer and motion to dismiss for the want of equity, the chancellor rendered a decree overruling them.

The evidence shows without dispute that there was a mistake made in the description of the property conveyed in the deed from Sophia Brockmeier to the complainant, by reason of which the said grantor did not convey the property purchased by Dreher, and which she intended to convey.

On the final submission of the cause on the pleadings and proof, the chancellor rendered a decree granting the relief prayed for. From this decree the respondents appeal, and assign as error the interluctory decree overruling the demurrers and motion to dismiss and the rendition of the final decree granting the relief prayed for in the bill of complaint.

RICHARD FRIES and ALVIN AHLRICHS, for appellant, cited *Robinson v. Rowan,* 3 Scam. (Ill.) 499; *Jewett v. Palmer,* 7 Johns. Chan., cited in 2 Amer. & Eng. Ency. of Law, 444, note, *Ib.* 718; *Dixon v. Hill,* 5 Mich. 404; 14 Amer & Eng. Ency. of Law ,(2d ed.), 293, notes; *Thames v. Rembert,* 63 Ala. 561; *Simmons v. Shelton,* 112 Ala. 284; *Arnholt v. Hartwig,* 73 Mo. 485; *Florence Sewing Machine Co. v. Zeigler,* 58 Ala. 221.

ARTHUR L. BROWN and J. J. CURTIS, *contra.*—The purpose of this bill is the reformation of a deed so as to make it speak the intention and purpose of the vendor

and vendee, and this a court of equity will always do
when the intention of the parties is clearly shown.
*Houston v. Fall,* 86 Ala. 232; *Parker v. Parker,* 88 Ala.
362; *Conner v. Armstrong,* 86 Ala. 262; *Wetherington
v. Mason,* 86 Ala. 345; *Hawkins v. Pearson,* 96 Ala. 369;
*Early v. Owens,* 68 Ala. 171; *Berry v. Sowell,* 72 Ala.
14; *Bailey v. Timberlake,* 74 Ala. 221; *Baskin v. Cal-
houn,* 45 Ala. 582.

The defendants can not claim as *bona fide* purchasers
for value without notice.—*Banks v. Lyons,* 79 Ala. 319;
*Fennor v. Sayer,* 3 Ala. 470; *Wells v. Morrow,* 38 Ala.
125; *Andrews v. McCoy,* 8 Ala. 920; *Boyd v. Beck,* 29
Ala. 713.

DOWDELL, J.—The bill in this case was filed by
Adam Dreher, the appellee, against Sophia Brockmeier
and appellants Bieler's Sons. The purpose of the bill
was to correct and reform a certain deed executed by
Sophia Brockmeier to appellee, Dreher, on the 24th day
of June, 1895, and also to enjoin certain attachment pro-
ceedings and prevent a cloud upon the title to the lands
described in the bill by reason of said attachment suit
begun in the circuit court of Cullman county by appel-
lants Bieler's Sons against said Sophia Brockmeier on
the 21st day of September, 1895, and in which said suit
the writ of attachment had been levied upon said lands.
The respondent, Sophia Brockmeier, made no defense
against the bill, and a decree *pro confesso* was taken
against her. Upon a final hearing of the cause upon
pleadings and proof, a final decree was rendered in favor
of the complainant granting the relief prayed for, and
from this decree the respondents, Bieler's Sons, prose-
cute the present appeal.

The bill being one for the correction of a mistake in
the description of the lands in the deed, undoubtedly
presents a case of equity jurisdiction.—*Houston v. Fall,*
86 Ala. 232, and authorities there cited. It is not neces-
sary that the complainant should be in possession of
the land in order to authorize the filing of such a bill.
And the court having acquired jurisdiction to reform the
deed, it will retain it and grant full relief.—*Houston v.
Fall, supra; Reese v. Kirke,* 29 Ala. 406.

[George Bieler's Sons v. Dreher.]

The debt, the foundation of the attachment suit by Bieler's Sons against said Brockmeier, was a pre-existing debt, evidenced by a note executed on the 26th day of November, 1894, long prior to the execution of the deed by Brockmeier to Dreher, which is sought to be corrected and reformed by this bill. The lien created by the writ of attachment, which was based upon this prior indebtedness and levied on the 21st day of September, 1895, was subordinate to the equities of Dreher in the land growing out of the contract of sale of said land by Brockmeier to Dreher. Bieler's Sons, as creditors of Brockmeier, can claim nothing as against Dreher by reason of the levy of their said attachment, which was subsequent to the contract of sale of the land by Brockmeier to Dreher. They parted with nothing on the faith of the land, and could levy upon only such interest as Brockmeier might have in the land, and do not fall within the class of subsequent purchasers and incumbrancers that are protected against latent equities.—*Banks v. Long*, 79 Ala. 319; *Boyd v. Beck*, 29 Ala. 713.

The bill avers that Mrs. Sophia Brockmeier was a married woman, and also avers that prior to and at the time of the making of the deed of June 24th, 1895, her husband had abandoned her. This being true, as shown by both the pleading and the evidence, it was not necessary to a valid execution of the deed that her husband should join in the conveyance with her.—Code of 1896, § 2528.

The respondents, Bieler's Sons, by way of cross-bill, alleged fraud in the transaction between the complainant Dreher and Mrs. Brockmeier in the sale and conveyance of the land, that the same was had and done for the purpose of hindering, delaying and defrauding Mrs. Brockmeier's creditors. The evidence, however, fails to support the averment and charge of fraud, and the chancellor so found upon the facts. The chancellor having decreed a reformation and correction of the deed, there was no error in his decree in granting further relief, as prayed in the bill, for the prevention of a cloud upon the title by reason of the attachment proceedings and in enjoining said attachment suit.—*Ala. Fire Ins. Co. v. Pettway*, 24 Ala. 544; *Burt v. Cassety*, 12 Ala. 734; *Lyon v. Hunt*, 11 Ala. 295; *Anderson v. Hooks*, 9 Ala. 704.

The decree of the chancellor on the facts is based upon a consideration of legal evidence only, and as we find that there is sufficient legal evidence to support his finding we deem it unnecessary to consider the assignments relating to the evidence.

We find no reversible error in the decree. It is, therefore, affirmed.