[Jones v. McNealy *et al.*]

# Jones *v.* McNealy *et al.*

*Bill in Equity to correct Misdescription of Land and to
foreclose Mortgage.*

1. *Bill to correct misdescription of land in a deed; not necessary to
   allege want of notice or knowledge.*—A bill filed by a pur-
   chaser to have corrected a misdescription of land in a deed
   from defendant's ancestor, who was also complainant's vendor,
   so as to exclude from the deed the land afterwards conveyed
   to complainant, is not demurrable on the ground that it does
   not allege the complainant's want of knowledge or notice of
   the alleged mistake; since, having acquired the common
   grantor's right to the part of the land in controversy, the com-
   plainant takes her place and is entitled to enforce that right
   in the matter of the misdescription.

2. *Same: immaterial that deed containing a misdescription was
   voluntary.*—In such a case, it is immaterial that the deed
   containing the misdescription and which was sought to be cor-
   rected, expressed consideration of love and affection, or that
   was otherwise voluntary.

3. *Same; when not necessary for complainant to be in possession of
   the property.*—Where such a bill is filed, and the complainant
   by reason of the misdescription asserts only an equitable title,
   it is not necessary, in order to maintain said bill, that she
   should be in possession of the property alleged to be-
   long to her; since she has no adequate remedy at law.

4. *Reformation of deed by correcting mistake in description of land,
   at instance of subsequent purchaser; prior request for cor-
   rection.*—A court of equity will reform and partially cancel a
   conveyance of lands, by correcting a mistake in the descrip-
   tion, at the instance of a subsequent purchaser of the portion
   erroneously included, on clear and distinct proof of the mis-
   take, and reasonable diligence on the part of the purchaser in
   discovering and applying for the correction of the mistake;
   and it is not necessary to allege a prior request for the cor-
   rection of the mistake, when facts are stated which show that
   it would have been a vain and useless formality.

5. *Bill to correct misdescription of land; when court will grant full
   relief by foreclosing mortgage.*—Where a bill is filed by one

who is a purchaser, and also a mortgagee, to have corrected a misdescription of lands in a deed from the vendor and mortgagor, so as to exclude from said deed the land conveyed to the complainant by deed, and also the land conveyed in a mortgage which was held by the complainant, if there is presented a case of the exercise of the court's jurisdiction to reform and correct the deed, the court will grant full relief to the end of. foreclosing the mortgage, if the complainant establishes by evidence a right to the correction of the misdescription of the property conveyed in the mortgage.

APPEAL from the Chancery Court of Lee.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellant, Ida E. Jones, against the appellees, Mrs. Florence G. McNealy, Mrs. T. J. Strong and Mrs. Lou P. Smith, who is the mother of the other two defendants.

The purpose of the bill, as amended, was to have a deed executed by Mrs. Lou P. Smith to her daughter, Mrs. McNealy, reformed, corrected and cancelled as to a certain portion of a lot described therein and purported to be conveyed by said deed. This relief was based upon the grounds that Mrs. Smith did not intend, nor was it understood between her and Mrs. McNealy, that she should convey the whole of said lot, but a certain designated portion thereof. The complainant, among other things, averred in her bill, that after the execution of said deed to her daughter, Mrs. McNealy, the said Lou P. Smith executed a deed to the complainant conveying a certain specifically described portion of said lot, and that the complainant had erected valuable improvements in the shape of houses, etc., on the portion of the lot conveyed to her. It was further averred that upon another portion of the lot, to which it was the intention of Mrs. Smith to retain title, after conveying the portion of said lot to Mrs. McNealy, Mrs. Smith had given a mortgage and that this mortgage had, at the request of Mrs. Smith and Mrs. McNealy, been purchased by and assigned to the complainant. It was further averred that notwithstanding the mistake which had been made in the description of the land intended to be conveyed by Mrs. Smith

in her deed to Mrs. McNeely, the said Mrs. McNeely instituted two separate suits of ejectment against the tenants of the complainant, and that said suits were then pending.

The prayer of the bill was for an injunction to restrain the further prosecution of.the ejectment suits, and that the deed be corrected so as to speak the real intention of the parties, and that it be cancelled, so far as the portion of the lot which had been conveyed to the complainant and which had been conveyed in the mortgage, subsequently assigned to the complainant. It was further prayed that the amount due upon said mortgage be ascertained, and that the said mortgage be foreclosed.

To the bill as amended the respondents demurred upon the following grounds: "1. The bill fails to aver that at the time complainant acquired her alleged rights in the property that she had no notice or knowledge of the deed from Lou P. Smith to F. G. McNealy. 2. The bill fails to aver that at the time complainant acquired her alleged rights in the property, that she had no notice or knowledge of the alleged mistake in the deed from Lou P. Smith to F. G. McNealy. 3. The bill shows that the consideration for the deed sought to be reformed was voluntary. 4. In one aspect the bill seeks the cancellation of the deed, original of "Exhibit B," as a cloud on the title of complainant to certain lands described therein, and fails .to allege that at the commencement of the suit, complainant was in the possession of said lands. 5. The demand of complainant is stale. 6. The bill fails to aver when the complainant ascertained the alleged mistake. 7. The bill fails to aver or show that prior to the institution of this suit that the complainant made a demand upon the defendants to correct the alleged mistake in said deed, and that the defendants refused to make the correction. 8. The bill fails to aver or show that the mortgage sought to be foreclosed is past due and unpaid. 9. The bill is multifarious in this: That it seeks to remove a cloud from the title of a mortgage and then foreclose said mortgage on certain land of which the complainant is not in possession, in a bill filed to enjoin a suit in ejectment and to remove the title of respondent as

[Jones v. McNealy *et al.*]

a cloud on the title of complainant to other and different land from that on which the foreclosure of said mortgage is sought. 10. Respondent Florence G. McNealy, demurs to that part of said bill referring to the mortgage executed by Lou P. Smith to the Banking, Building & Loan Company and assigned to complainant, and asking to remove the title of respondent as a cloud on the title of complainant under said mortgage, because the bill shows on its face that complainant is not in possession of said lands. 11. Respondent Lou P. Smith demurs to that part of said bill referring to and seeking to foreclose a mortgage as to her, in said bill filed to enjoin an ejectment suit of Florence G. McNealy against complainant on other and different land from that in which a foreclosure is sought under the mortgage."

On the submission of the cause upon the demurrers, the chancellor sustained the first two grounds thereof, and overruled the remaining grounds. From this decree complainant appeals, and assigns the rendition thereof as error.

HOUSTON & POWER and GEORGE A. HAYS, for appellant. The bill was not defective for failing to allege that the complainant did not know of the mistake in the description of the property.—*Harris v. Ivey*, 114 Ala. 363 ; *Harold Bros. & Scott v. Wearer*, 72 Ala. 373.

The complainant whose equitable title was acquired for valuable consideration, has the same right to have the deed reformed that Mrs. Lou P. Smith would have had. "A deed of gift drawn by the grantor himself which, by reason of his ignorance of law, does not express his intention may be reformed in equity." In this case the bill was filed by grantor.—*Larkins v. Biddle*, 21 Ala. 252 ; 18 Ency. Pl. & Pr., 787 ; *Williams v. Hamilton*, 65 Am. St. Rep. 514.

The bill seeks to reform deed and cancel same as to part included by mistake. Under the averments of this bill possession is not necessary for the purpose of reformation or partial cancellation. The title of complainant is equitable, and she has no adequate remedy at law.

*Echols v. Hubbard,* 90 Ala. 309; *Armstrong v. Conner,* 86 Ala. 350; 2 Am. & Eng. Encyc. Law, 304; *Gandy v. Fortner,* 119 Ala. 303; *Freeman v. Brown,* 96 Ala. 301.

Previous request or demand on respondent to correct mistake in deed is not necessary under facts averred in this bill.—*Weathers v. Hill,* 92 Ala. 492; *Robbins v. Battle House Co.* 74 Ala. 499; 18 Ency. Pleading & Practice, p. 840, note 2.

"The jurisdiction of the court attaching for one purpose rightfully can and ought (unless some peculiar circumstances intervene) to be made effectual, complete justice done and litigation quieted."—*McGehee v. Lehman, Durr & Co.,* 65 Ala. 319; *Alexander v. Rea,* 50 Ala. 450; *Hinds v. Hinds,* 80 Ala. 225; *Geo. Beiler's Sons v. Dreher,* 129 Ala. 384.

BARNES & DUKE, *contra.*

TYSON, J.—The bill as amended to which the demurrer was sustained, seeks to have a certain deed executed by Mrs. Smith to her daughter, Mrs. McNealy, reformed and cancelled as to a certain portion of the lot described in it and purported to be conveyed by it, an' to correct the description in the mortgage now held by complainant and to foreclose it, and also to enjoin certain actions of ejectment instituted by Mrs. McNealy, etc., etc.

It proceeds, in so far as the reformation and cancellation of the deed under which Mrs. McNealy claims title to the whole lot upon two theories: First, upon the ground of a mutual mistake by the parties to it; and second, in the event there was no mistake upon the ground of an estoppel *in pais* predicated upon the conduct of Mrs. McNealy. The right of the complainant to the relief she seeks is based upon two conveyances, one a mortgage, referred to above, acquired by transfer and the other a deed, both of which were executed by Mrs. Smith, conveying a certain portion of the lot covered by the deed previously executed by Mrs. Smith to her daughter.

A demurrer comprising eleven assignments was interposed to the bill as amended. The chancellor, it appears,

only regarded the first two grounds meritorious. These two practically raise the same question. They go to the entire bill and challenge the right of the complainant to relief upon the ground that it is not shown that she had no notice or knowledge of the alleged mistake in the deed from Mrs. Smith to her daughter. It is true the bill does not allege her want of notice or knowledge of the fact. And construing its averments most strongly against the complainant, it must be taken that she knew of the mistake when she acquired her rights under the conveyances she now holds. Knowing this, she also knew that Mrs. Smith had the right to have her deed to her daughter corrected.—*Larkins v. Biddle,* 21 Ala. 252; 65 Am. St. Reports, 514, note. Having acquired Mrs. Smith's right to the part of the lot in controversy, the complainant takes her place and is entitled to enforce that right in the matter of the misdescription. This point was raised by the demurrer to the bill in the case of *Harris v. Ivey,* 114 Ala. 363, which was filed by a purchaser, as here, to have corrected a misdescription of the lands contained in a deed, previously executed by his grantor to another. It was ruled to be without merit. These grounds of demurrer were improperly sustained. If they had been interposed solely to that phase of the bill which relies upon the estoppel *in pais,* we are not prepared to say whether they are well taken or not. That question is not presented, and we, therefore, decline to express an opinion on it. Nor for that matter are any of the other grounds of demurrer well taken as we shall proceed to show.

The deed from Mrs. Smith to Mrs. McNealy, her daughter, sought to be corrected, expresses the consideration of five dollars paid and for love and affection, and contains covenant of warranty. Whether it is one of bargain and sale or of gift is immaterial, since if it be the one or the other, Mrs. Smith would have had the right to have it reformed.—*Larkins v. Biddle, supra; Weathers v. Hill,* 92 Ala. 492. The third ground of demurrer is, therefore, not well taken.

The title asserted by complainant being equitable, it is

[Jones v. McNealy *et al.*]

not necessary for the purposes of this bill, that she should be in possession, since she has no adequate remedy at law.—*Echols v. Hubbard,* 90 Ala. 309, and authorities there cited. Nor can laches be imputed to her on the facts alleged. Complainant has been in the possession of that portion of the lot to which she has a deed ever since its execution, and the mortgagor, Mrs. Smith, also Mrs. McNealy's grantor, has all along been in the undisturbed possession of the other portion of it. This bill was filed promptly after Mrs. McNealy made known her intention to disturb complainant's possession. Nor is it necessary that the bill should allege when complainant discovered the mistake in the description; or that a request or demand was made by her on the respondent, Mrs. McNealy, to correct the mistake before the bill was filed. Mrs. McNealy's attitude in the matter of instituting the suits in ejectment excluded all expectation that had a request or demand been made upon her, that she would have complied with it.—*Weathers v. Hill, supra; Harrold v. Weaver,* 72 Ala. 373.

The averments of the bill when taken in connection with the stipulations contained in the mortgage sufficiently show a maturity of the debt secured by it and a default on the part of the mortgagor that entitles complainant to have it foreclosed. What we have said disposes of those assignments of demurrer interposed by both respondents adversely to each of them.

The remaining grounds, asserted separately by each of the respondents, attack the bill for multifariousness, but are confined to the first phase of the bill which seeks relief on account of the mistake in the deed executed by Mrs. Smith to her co-respondent, Mrs. McNealy.

Complainant claims an equitable title to all the lands in controversy from the same grantor, Mrs. Smith, and also asserts that all the lands claimed by her, whether acquired by deed or mortgage, was by mistake included in the deed from Mrs. Smith to Mrs. McNealy.

The bill properly presents a case for the exercise of the court's jurisdiction to reform and correct the deed, and the court will grant full relief to the end of foreclosing the mortgage, if the complainant establishes by evidence

her right to a correction of the misdescription.—*Bieler v. Dreher*, 129 Ala. 384; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 319: These grounds of demurrer are, therefore, not well taken.

It follows that the decree appealed from must be reversed, and a decree will be here rendered overruling the demurrer.

Reversed and rendered.