# Whitley *v.* Willingham & Bell.

*Bill to Reform a Contract, and for Damages for a Breach.*

(Decided February 17, 1912. 57 South. 816.)

1. *Equity; Bill; Sufficiency.*—Where a bill is for reformation of a contract and for damages, and shows a right to a reformation, a demurrer to the whole bill for want of equity should be overruled, although the bill showed no right to damages.

2. *Same; Contract; Validity.*—A contract of sale of cotton is not void because it does not specify the quality or grade of cotton to be delivered, as the vendor is required to deliver a merchantable article.

3. *Reformation of Instruments; Ground.*—A contract will not be reformed in order that the complainant may recover nominal damages for its breach.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Bill by Willingham & Bell and the members composing the firm against J. S. Whitley, seeking to reform a contract and to recover damages for its breach. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

R. G. ROWLAND, for appellant. The contract is shown to have been so carelessly drawn that the complainants are not entitled to recover.—9 L. R. A. (N. S.) 1211. It is common knowledge that cotton is sold by grade, and unless the grade is set out in the contract, there would be no basis upon which to settle, and upon which to base damages.—*Wall v. State,* 78 Ala. 417; *Loeb v. Richardson,* 74 Ala. 311; *McFadden v. Henderson,* 128 Ala. 221; *Miller's Case,* 77 Ala. 41.

WHATLEY & CORNELIUS, for appellee. The right of equity to reform written instruments which by mis-

take or fraud are so drawn as not to fulfil the intention or as to violate the intent of the party is undoubted.— *Campbell v. Hackett*, 55 Ala. 548; *Hinton v. Citizens Co.*, 63 Ala. 488; *Clark v. Hart*, 57 Ala. 390; *Turner v. Kelly*, 70 Ala. 85; *Harris v. Ivey*, 114 Ala. 363. Where equity acquires jurisdiction of one purpose, it will administer full relief.—*Bieler v. Dreher*, 129 Ala. 384; 12 A. & E. Enc. of Law, 653. The law leans against the destruction of contracts because of uncertainty.—*Robinson v. Bullock*, 58 Ala. 621; *Howard v. E. T. V. & G.*, 91 Ala. 268; *Boykin v. The Bank*, 72 Ala. 262.

SOMERVILLE, J.—The bill is filed for the purpose of correcting mistakes and omissions in the written memorandum of a contract by which the respondent sold to the complainant 15 bales of cotton of the average weight of 500 pounds per bale at the price of 10 cents per pound. Incidentally it prays for an enforcement of the agreement by the ascertainment and award of damages for the nondelivery of the cotton. The appeal is from a decree overruling demurrers to the bill. As a bill for the reformation of mutual mistakes and omissions in a written contract, the equity of the bill is unassailable.

With respect to the equity of the prayer for damages for breach of the contract by way of incidental relief, the general rule is thus stated: "Having acquired jurisdiction to reform an instrument, equity will retain it in order that full and proper relief may be granted, although incidental relief has been denied when the remedy at law was adequate. Where, however, reformation is sought as preliminary to some other principal relief, if such principal relief is denied, the ancillary relief of reformation will not be granted. The rights of the parties are usually measured by the instrument as re-

formed.   Thus, after reforming a contract, specific performance of it may be decreed, or the contract may be enforced in the same action.   *   *   *   In an action for rectification of a contract plaintiff may be awarded damages."—34 Cyc. 994, c.  To the same effect is 24 Am. & Eng. Ency. Law, 658, 12, and 1 Pom. Eq. Jur. (3d Ed.) pp. 341, 346.

Where the additional relief sought in a bill for reformation is of a purely legal nature, this court does not seem to have passed upon its propriety, although an instance of additional equitable relief will be found in *Bieler v. Dreher,* 129 Ala. 384, 30 South. 22.  In dealing with a bill founded alone on the equity of discovery, this court has declared:  "The general rule is that, when equitable jurisdiction attaches for a rightful purpose, the court will retain it, and proceed to settle and adjudicate all the matters in controversy, granting complete relief, though it may involve the adjudication of purely legal questions."—*Virginia, etc., Co. v. Hale,* 93 Ala. 542, 545, 9 South. 256; *Scruggs v. Driver,* 31 Ala. 274, 291.

However, the first demurrer, for want of equity in the bill, is addressed to the whole bill, and was in any case bad and properly overruled.

The other grounds of demurrer argued by appellant take the point that the contract sued on, both as originally written and as sought to be reformed, is void and unenforceable because it contains no specification as to the quality or grade of the cotton to be delivered to complainants by respondent, and hence affords no basis for the estimation of damages.

The omission of such a specification is doubtless unfortunate for the purchasers, but it certainly does not make the contract void, nor can it be complained of by the seller.  Where any commodity is sold without ex-

press agreement as to quality, the vendor is nevertheless required to supply a merchantable article. "The purchaser cannot insist that the thing shall be of any particular quality or fineness, but he has a right to demand that it shall be a merchantable article, answering to the description of the contract."—*Gachet v. Warren,* 72 Ala. 288, 292; *Frith v. Hollan,* 133 Ala. 586, 32 South. 494, 91 Am. St. Rep. 54.

It may well be that the lowest grade of merchantable cotton during the period involved was worth less than the contract price. If so, complainants' damages would be but nominal, and a court of equity would not reform a contract to achieve so impotent a result. But this is a matter of evidence, and, as the contingency contemplated does not appear on the face of the bill, the demurrers were rightly disposed of by the chancellor.

Affirmed. All the Justices concur.