GIBSON v. JOHNSON.

Opinion delivered May 16, 1921.

REFORMATION OF INSTRUMENTS — NECESSARY PARTIES.—Where the owner of land before his death deeded a 20-acre tract, described as the east half of a certain 40 acres, both to a son and a daughter, and the son sued the daughter to reform the deed, without making other children parties, alleging that the grantor intended to convey to the daughter the west half of the above 40 acres, a decree in such case canceling the daughter's deed, without reforming it, was error; the court should have required the other children to be made parties, so that complete relief could be rendered.

Appeal from Washington Chancery Court; B. F. Mc-Mahan, Chancellor; reversed.

J. W. Grabiel and W. N. Ivie, for appellant.

1. There is a complete failure of proof by any competent evidence that any mistake was made in the deed of February 23, 1895.

2. If there were such competent proof, it fails to show clearly a mistake.

3. Plaintiff failed to show any equity that entitled him to prosecute his action against his sister, Cynthia Gibson.

4. The court was without jurisdiction to grant the relief prayed for or any other.

5. The decree is not supported by the allegations or the proof. 132 Ark. 227; 200 S. W. 139.

There was no competent evidence to show a mistake was made in the deed to Cynthia Gibson. 132 Ark. 227.

The deed of April 14, 1913, is wholly incompetent for any purpose, as the deed was never delivered nor recorded. Both deeds were executed in the absence of appellant, and she knew nothing of either of them until after her father's death. 11 Ark. 249; 96 Id. 589; 133 S. W. 173.

6. Possession of part of a tract of land conveyed by a deed constitutes possession of the entire tract within the calls of the deed, where the grantee's possession is

under the deed. 135 Ark. 321; 204 S. W. 755; 134 Ark. 548; 204 S. W. 424.

T. J. Johnson, the grantor, was in possession of part of the twenty acres up to the time of his death for the purpose of receiving the rents, but there is no testimony that his possession was adverse or hostile to that of Cynthia Gibson. The grantor is presumed to hold possession in subordination to the title conveyed. *Ib.;* 96 Ark. 512; 132 S. W. 459; 69 Ark. 562; 85 *Id.* 520; 109 S. W. 541.

The testimony shows that the possession by T. J. Johnson, the grantor, was strictly in harmony with and with full recognition of appellant's legal title to the land and that it was not hostile or adverse to hers. 85 Ark. 520; 69 *Id.* 562.

Courts of equity, in the exercise of their jurisdiction to reform written instruments, proceed with the utmost caution. 97 Ala. 476; 49 Conn. 167.

7. The complaint should have been dismissed for want of equity. The evidence clearly shows that plaintiff claimed under a purely voluntary conveyance. No relief will be awarded to a grantee in an imperfect conveyance which is not supported by a valuable consideration. Plaintiff's claim, in view of the facts, is without merit. 2 Pomeroy, Eq. Jur., §§ 588-590; Pomeroy's Eq. Remedies (2 ed.), § 679.

8. The decree below is not supported by any evidence or theory of the case whatever. Even if a mistake had been made, the title of Cynthia Gibson has matured by adverse possession and plaintiff is estopped by laches. Pom., Eq. Rem. (2 ed.), § 680; *Fletcher* v. *Malone,* 145 Ark. 211.

9. The evidence shows that defendant is entitled to recover on her cross-bill.

*John Mayes* and *Walker & Walker,* for appellee.

Only a question of fact is involved in this case. The law is well settled. 132 Ark. 227; 79 *Id.* 592. The findings of the chancellor are sustained by the evidence.

SMITH, J.   In 1895, Thomas J. Johnson and his wife executed to their daughter, Mrs. Cynthia Gibson, a deed to one hundred acres of land.   This deed described the east half southwest quarter northeast quarter, section 19, township 18 north, range 28 west.   On March 12, 1918, the same grantors executed to their son, W. W. Johnson, a deed to one hundred and ninety acres of land, and in this deed included the twenty acres above described.   Notwithstanding the fact that the twenty acres was described in both deeds, the grantor did not deliver possession to either his son or his daughter, but retained possession and collected rents thereon.   Shortly after executing this last deed T. J. Johnson died.

After the death of T. J. Johnson, W. W. Johnson brought this suit against his sister, and alleged the fact to be that their father had not intended to convey the east half southwest quarter northeast quarter to Mrs. Gibson, but had in fact intended to convey her the west half southwest quarter northeast quarter.   There was a prayer that the title to the east twenty acres be divested out of Mrs. Gibson and vested in the plaintiff, and that the title to the west twenty acres be vested in Mrs. Gibson.   In other words, that the deeds be so reformed as to give W. W. Johnson the east twenty acres and Mrs. Gibson the west twenty acres.

T. J. Johnson owned other lands not conveyed to either his son, W. W., or his daughter, Cynthia, and was survived by other children, who were not made parties to this suit.

Mrs. Gibson answered and denied that any mistake had been made, and much testimony was heard on this issue, and she very earnestly insists that the testimony does not clearly and satisfactorily show that a mistake was made.

The court found, however, that a mistake had been made, and that the grantor intended to convey the east twenty to W. W. Johnson and the west twenty to Mrs. Cynthia Gibson, and entered a decree cancelling the deed

to Mrs. Gibson in so far as it purported to convey the east twenty acres, and this appeal is from that decree.

We have carefully considered the testimony in the case, and, while we do not reverse the decree on the finding of the court below on the facts, we have concluded that the court should not have granted the relief on the case made. We think, however, that W. W. Johnson has the right to prosecute this suit when proper parties have been brought before the court. 20 R. C. L., Title "Reformation," § 31; *Jones* v. *McNealy,* 101 Am. St. Rep. 38, 139 Ala. 379, 35 So. 1022. As the case now stands, Mrs. Gibson is left with the title to only eighty acres of land; while her brother has title to one hundred and ninety; and, while it clearly appears that T. J. Johnson intended to convey his son, W. W. Johnson, that quantity of land, it appears with equal clearness that he intended to convey one hundred acres of land to his daughter, Mrs. Gibson.

The court did not attempt to invest Mrs. Gibson with title to the west twenty. In fact, the parties necessary to the making of that order were not before the court, and therein lies the error for which the decree must be reversed. As the matter now stands, the west twenty acres is a part of the T. J. Johnson estate; and, while W. W. Johnson would be, and is, estopped by this suit from claiming that twenty acres, as against Mrs. Gibson, the rights of the other heirs are not affected by this litigation, as they are not parties to it. So long as the brother and sister litigated over the east twenty acres between themselves, the other heirs could stand by and let the litigation progress, as T. J. Johnson had apparently deeded the land to both W. W. Johnson and to Mrs. Gibson.

No showing is made that the other heirs conceded Mrs. Gibson's title to the west twenty acres, and under the decree appealed from she would have to proceed to acquire in severalty the title to that land. If suit is necessary, it will devolve upon her to show, as against the other heirs, that a mistake was made in the execution of

the deeds; and we can not know what showing those heirs might make against that contention in a proceeding to divest them of their title to the west twenty acres. Their silence in the instant litigation would not prevent them from speaking in that litigation.

By failing to make all the heirs parties W. W. Johnson has not put the court in position to do equity. All the persons whose interests are affected should be brought before the court, to the end that the court might enter a decree which does equity, not only to W. W. Johnson, but to Mrs. Gibson.

Reformation and cancellation are equitable remedies, and relief by way of reformation or cancellation is granted only when it is equitable so to do. 22 Enc. of Procedure, p. 1030; 23 R. C. L., p. 346, and cases cited. Courts have the right, in granting this relief, to impose terms or conditions which work out the equities of the case; and we have concluded that Mrs. Gibson should not be required to bear alone the burden of litigating with the other heirs a question involving the title to the twenty-acre tract which is unaffected by the decree here appealed from so far as the rights of the other heirs are concerned.

The decree will therefore be reversed, and the cause will be remanded with directions to make all the heirs of T. J. Johnson parties to the litigation.