# Harris *et. al.* v. Ivey.

*Bill in Equity to correct a Misdescription of Land Sold.*

1.   *Bill to correct misdescription of land in a deed; laches.*—A bill filed by a purchaser, to 'have corrected a misdescription of land in a deed from defendant's ancestor, who was also complainant's vendor, so as to exclude from it the land afterwards conveyed to complainant, is not demurrable on the ground of laches, though such bill was not filed until sixteen years after the execution of the deed sought to be corrected and after the death of the grantor and grantee therein, where the averments of the bill show that the common grantor remained in possession of the land sought to be excluded from the deed to defendant's ancestor, until he conveyed it by his deed to complainant, and that thereafter the complainant was in possession until defendants recovered it of him in an action of ejectment, and that the bill was filed immediately after the termination of the ejectment suit.

APPEAL from the Chancery Court of Conecuh.
Heard before the Hon. JERE N. Williams.

The facts of the case are sufficiently stated in the opinion.

FARNHAM & CRUM, for appellants.—It is a well established rule of chancery law, and conclusive of this case, that a party seeking a reformation of an instrument of

this kind, and under such circumstances, must act reasonably prompt, and no court of equity will permit him to sit quietly for sixteen years, and until after the death of both grantor and grantee in the deed complained of. *Scruggs v. Decatur M. & L. Co.*, 86 Ala. 173 ; *Huggerty v. Elyton L. Co.*, 89 Ala. 428 ; *Sheffield L. &c. Co. v. Neill*, 87 Ala. 158 ; *Goree v. Clements*, 94 Ala. 337 ; *Rives v. Morris*, 108 Ala. 527 ; *James v. James*, 55 Ala. 525 ; *Weathers v. Hill*, 92 Ala. 492.

STALLWORTH & BURNETT and JAMES A. STALLWORTH. *coutra.*—The reformation of a deed is only cognizable in a court of equity, and the court will always grant relief, when the mistake or other ground is clearly shown, and there will be no prejudice to the rights acquired by others through the laches of the party in interest.—3 Brick. Dig. 358, § 379 ; *Johnson v. Crutcher*, 48 Ala. 368.

"The purpose of reforming a deed is not to establish rights nor adjudge the effects of a deed, but to declare the status of the parties to it, intended to be created by them ; to leave the parties where they would stand had there been no mistake in the instrument."—*Ala. Mid. Railway Co. v. Brown*, 98 Ala 647.

COLEMAN, J.—The appellee, Ivey, filed the present bill for the purpose of having corrected an alleged mis-description of certain lands sold and intended to be conveyed by one Henry Beddingfield to Aaron Beddingfield, in the year 1879. The complainant is a purchaser from Henry Beddingfield, by deed of conveyance dated March 1st, 1886, of certain lands, included among which is the north half of the north-east quarter of section 27, township 6, range 10. The deed from Henry Beddingfield of 1879 to Aaron Beddingfield described the lands sold to him as the east half of north-east quarter of the north-east quarter, and the east half of the south-east quarter of the north-east quarter of said section 27. Respondents are the heirs at law of Aaron Beddingfield. It will be seen that the deed of Henry Beddingfield to complainant conveying to him the north half of the north-east quarter of section 27, includes the east half of the north-east quarter of the north-east quarter of said section described in the deed to Aaron Beddingfield of 1879. The bill shows that Aaron Bed-

dingfield died in the year 1888 or 1889, and that Henry Beddingfild died in the year 1890. The chancellor overruled a demurrer to the bill, and the appeal is taken from this decree overruling the demurrer. The appellants contend, that as the bill to correct the description was not filed for sixteen years after its execution, and not until the original grantor and grantee had died, and inasmuch as the complainant purchased the land with notice of the deed of Aaron Beddingfield, he ought not to be allowed to prosecute this bill. These questions were raised by the demurrer.

In determining the question as to whether a demand is stale or not, a court of equity is bound by no fixed and certain limitation of time. Much depends upon the character of the demand and circumstances of the case. *Harold Bros. & Scott v. Weaver*, 72 Ala. 373 ; *Weathers v. Hill*, 92 Ala. 492. The averments of the bill show that Henry Beddingfield, the vendor of complainant, notwithstanding his deed to Aaron Beddingfield in the year 1879, remained in the open adverse possession of a part of the land conveyed to him, towit, that lying north of the road leading from Sarah Beddingfield's place to the public road running between Burnt Corn and Evergreen, until sold to complainant, and that after the purchase by complainant, he entered into possession, and held the same, under his purchase, openly and adversely, until the recovery of the land from him by respondents in an action of ejectment. The bill was immediately filed upon the termination of the ejectment suit. We are of opinion, upon the showing made in the bill, that complainant has not been guilty of such *laches* as to defeat his right to relief, if the evidence sustains the averments of the bill; and the demurrer to the bill was properly overruled.—Authorities *supra*. Whether a temporary injunction to restrain the execution of the judgment in the ejectment suit should have been granted, is not considered, as the chancellor did not act upon that motion, and the question is not before us.

Nothing contained in this opinion must be construed as affecting any rights or interests which may have been acquired by adverse possession of either party.—*Ala. Midland R'y. Co. v. Brown*, 98 Ala. 647.

Affirmed.