# Keith et al. v. Woodruff.

### Bill in Equity to reform Deed.

1. *Reformation of deed on ground of mistake; what necessary to be averred and proved.*—To authorize a court of equity to reform a deed of conveyance, upon the ground of mutual mistake in the description of the lands sought to be conveyed, it must be distinctly averred and clearly proved, not only that the writing does not truly express the intention of the parties, but also, what they intended it to express; and in the absence of such averment and proof, the remedy prayed for can not be granted, and the deed must remain unchanged as the sole expositor of the intention and agreement of the parties.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellee, Sarah E. Woodruff, against the appellants, Joseph Keith and others, to have reformed a conveyance of land made by the complainant and the other defendants to Joseph Keith, dated February 22, 1894, (a copy of which deed was attached as an exhibit to the bill), upon the ground that the conveyance described and conveyed to Joseph Keith more land than was intended to be conveyed. The facts averred in the bill and the amendment thereto and the evidence in the case are sufficiently stated in the opinion.

The prayer of the bill was as follows: "May it please your honor to correct and reform said conveyance of date of the 22d February, 1894, so as to make it conform to the true intent of the grantors therein, when they executed the same so that said Joseph Keith shall only take thereunder one hundred and five acres of land off the north side of the said Susan Keith tract of land, and that this court will have the southern line of this one hundred and five acres, 'to-wit, the dotted line E. F. shown on said map,' established and marked with perma-

nent monuments, and will so reform said deed of convey-
ance as that it will not convey to said Jos. Keith any land
of your oratrix held and owned by her at the time
conveyance was made in severalty. And that the said
Joseph Keith and wife, Mollie Keith, be required and
decreed to convey to your oratrix all of said ten acres off
the south side of the S. W. ¼ of S. E. ¼ of section 9, T.
20, R. 3. E. in Talladega county, and that said Emma O.
Keith, Lucian J. Keith and Susie S. Ryder be declared
and decreed to have taken no right or interest in or to
said ten acres by, or under, said quit-claim executed to
them and your oratrix by said Joseph Keith and wife;
of date March 13th, 1894. And that said Joseph Keith
and wife, Mollie Keith, be required and decreed to recon-
vey to your oratrix the undivided five-eighths interest in
and to all of the Susan Keith tract of land described in
the first section of this bill, except the one hundred and
five acres off the north side of the said Susan Keith tract,
which was conveyed and intended to be conveyed to
said Joseph Keith as in the bill is shown." It was then
further prayed that in the event said Joseph Keith and
wife failed or refused to make the conveyance that might
be decreed by the court, that decree be rendered divest-
ing out of Joseph Keith and wife all such title and right
to the land as the court might adjudge rightfully be-
longed to the complainant and invest such title in the
complainant.

On the submission of the cause on the pleadings and
proof, the chancellor decreed that the complainant was
entitled to the relief prayed for, and ordered accord-
ingly. From this decree the respondents appeal and as-
sign the rendition thereof as error.

BROWNE & DRYER, for appellants.—In order that a
mistake sought to be reformed may come within the cog-
nizance of a court of equity, it must be shown to be:
First, material; second, *mutual*, or shared in by *both*
parties to the transaction; third, unintentional; and,
fourth, free from negligence.—15 Am. & Eng. Ency.

[Keith *et al.* v. Woodruff.]

Law, 628, *et seq.* Complainant must prove the case, exactly as alleged in the bill beyond all reasonable controversy.—*Smith v. Allen*, 102 Ala. 406; *Turner v. Kelly*, 70 Ala. 85; *Tyson v. Chestnut*, 100 Ala. 571. A mistake will not be corrected, even when it clearly appears from the evidence that some mistake has been made, unless the proof goes farther and clearly shows what was mutually intended by both sides to the transaction, and that the particular mutual mistake so proved is identical with that alleged in the bill.—*Alexander v. Caldwell*, 55 Ala. 517. See also *Stevens v. State Land Co.*, 121 Ala. 450; *Berry v. Sowell*, 72 Ala. 14; *Williamson v. Tyson*, 105 Ala. 645.

SAMUEL WILL JOHN and KNOX, BOWIE & DIXON, *contra*, cited *Moore v. Tate*, 114 Ala. 584; *Robins v. Battle House Co.*, 74 Ala. 503.

SHARPE, J.—This suit has for its main object the reformation of a deed executed by complainant and others who are made defendants, to the defendant Joseph Keith. All other relief sought is incidental to and dependent upon such reformation. The controversy is outlined by the following prominent facts: Joseph and Susan Keith, both now deceased, were parents of complainant and defendant Joseph Keith and of William Keith who died leaving as his heirs the other defendants herein. In 1868 lands of the estate of Joseph Keith consisting of a large tract in one body were by proceedings in the probate court partitioned between his widow and the three children to each of whom was assigned a tract described in the commissioners' report by metes and bounds. The northernmost tract which the commissioners numbered "4" and estimated at 717 acres was allotted to defendant Joseph Keith. Adjoining and south of number 4 lay a tract numbered 3, estimated at 410 acres which was set apart to Susan Keith, the widow. This tract numbered 3 lay partly in section 9 and was bisected by the section line forming the southern boundary of that section. To complainant was assigned

a tract adjoining her mother's, and which at one point extended northward so· as to include· ten acres in the southern part of section 9. In 1884 complainant and William Keith received a conveyance from their mother of tract number 3, and William dying his title passed to his four children, one of whom sold her interest to complainant who thereupon claimed an undivided interest of five-eights in that tract. In March, 1892, Susan Keith died, and defendant Joseph·Keith thereafter set up a claim to an interest in tract 3, basing· it· upon the contention that the conveyance from his mother to complainant and William was procured by undue influence, and he urged also that the tract originally allotted to him was smaller than the commissioners estimated it to be. Through his attorney, W. P. ·Oden, he proposed by letters to· complainant to accept in settlement of his claim a part of tract 3 which in the letter was designated as follows: "A strip about 150 yards wide down to the section or U. S. land line along and· parallel with his the whole length from Mrs. Butts' to the river. * * * * This would be a strip 150 yards wide or about that off the north side of what you and your brother William got a deed to from ·your mother in 1884, making his corner to the section line instead of to a made line which he claims was a mistake in the surveyor." Further negotiations resulted in the signing and acknowledging by complainant and her co-owners, of a conveyance to defendant Joseph Keith of land, the description of which is to be gathered from the following recital, viz.: "Know all men by these presents that we Sarah E. Woodruff, Lucius J. Keith, Emma O. Keith, Susie J. Ryder and her husband, Jesse W. Ryder, for and in consideration of an exchange of whatever right title and interest we or either of us now own jointly severally either by and under deed executed by Susan Keith, deceased, dated the 28th of June, 1884, or as heirs at law or devisees of the estate of Susan Keith, or otherwise, in or to any and all the lands lying and being in sections eight and nine north of the United States land line running east and

west between said sections eight and nine and sections sixteen and seventeen, the same being intended to include all the lands in said sections eight and nine and north of said east and west United States land line that was alloted or set apart to said Susan Keith in the partition and division of the estate of her husband Joseph Keith, deceased, as shown by the records of same, and for the purpose of quieting disputes and settling threatened litigation, we do remise, release, quitclaim and hereby convey to Joseph Keith all our right title and interest and claim in and to the above described land containing one hundred and five acres, more or less, situated in township 20, range three east in said State and county, the same being in exchange for the right, title and interest the said Joseph Keith may have as an heir at law or devisee in the estate of Susan Keith, deceased, or in any other wise in and to the following described lands: any and all lands that were allotted to said Susan Keith in the partition and division of the estate of her husband, Joseph Keith, deceased, that lies in sections sixteen and seventeen south of the United States land line running east and west between said sections sixteen and seventeen and sections eight and nine as shown by the records of the same containing three hundred and five acres, more or less," etc. Joseph Keith about the same time executed his deed conveying all his interest in such of the Susan Keith lands as lay south of the section line mentioning its quantity as 305 acres, more or less. The deed of complainant and others to him was left in the hands of Jesse W. Ryder for delivery, and before its delivery Ryder found that the section line was further south than had been supposed and thereupon by agreement with him Joseph Keith executed another deed reciting the mistake and conveying back to complainant and her co-grantors a strip two and a half chains wide lying immediately north of the section line. About a year thereafter complainaint discovered that by the deeds as thus made Joseph Keith had obtained considerably more than 105 acres of the Susan Keith tract, and conceiving also that he had in the same way obtained

title to part of the ten acres in section 9 which she had owned in severalty, she filed this bill to so reform the deed to him as to restrict its operation to 105 acres in a strip along the north side of the Susan Keith tract particularly described by a plat exhibited in the bill.

To warrant a court in decreeing reformation of a conveyance arising from contract, it is not enough that a mistake has been made, or that the minds of the parties never met upon the subject of the conveyance, but it must appear from definite allegations and corresponding proof that there was an agreement between the parties, and the terms of the real agreement must be shown with such certainty as that the proven averments will form a basis for the decree in substantial conformity with the theory of the bill.—*Alexander v. Caldwell,* 55 Ala. 517; *Turner v. Kelly,* 70 Ala. 85; *Smith v. Allen,* 102 Ala. 406; *Guilmartin v. Urquhart,* 82 Ala. 570; *Tyson v. Chestnut,* 100 Ala. 571; 18 Ency. Pl. & Pr. 805. In recognition of this principle the amended bill alleges the land intended to be conveyed was a strip containing 105 acres along the north side of the Susan Keith tract and described definitely by the map exhibited. In the evidence it is shown that that strip was located by Milner, a civil engineer, who for that purpose surveyed the dividing line between the tracts of Susan and Joseph Keith according to his understanding of data found in the partitioning commissioners' report. His survey corresponds to another which he testifies was correct and which was made by an engineer who has since died.

This evidence is opposed by the testimony of Civil Engineer Edwards introduced by defendant Joseph Keith who surveyed the partitioning line according to his understanding of data furnished by the commissioners' report. This survey of Edwards agrees with that of Milner only in running the partition line straight and starting it from the same point at its east end. Its western terminus is considerably south of the western terminus of Milner's line, thus diminishing tract No. 3, and expanding number 4 as compared with Milner's survey.

To determine from this record whether either or which of these differing surveys is correct might be difficult if not impossible, but to do so is unnecessary since testimony of defendant Jos. Keith, which is unimpeached and uncontradicted unless by weak and uncertain inference, and which must, therefore, be believed, is to effect that the Edward's line has all along been recognized as the southern boundary of his tract and that he has possession of the land lying north of it since 1868. Accepting this as true it is inconceivable that Joseph Keith in seeking to increase his acreage would have bargained for lands he had held so long, whether rightly or not, under the original allotment. Nor is it probable that complainant or her co-grantors intended to convey such lands; yet the strip to which the bill would restrict their conveyance lies in large part north of the Edwards line and within the tract he had so held.

What other lands were intended to be included in that conveyance is unimportant, since under the rule referred to the court cannot by way of effecting the intention of parties establish a contract at variance with the one alleged to have been intended.

For like reasons no decree can properly be rendered for the further relinquishment by Joseph Keith of the Susan Keith lands, for by complainant's averments of the agreement in connection with the plat exhibited his relinquishment would have to include all those lands excepting the strip located by Milner. According to the conclusion we have stated, these averments have not been proved and the bill defines no other part of the Susan Keith tract in respect of which relief could be decreed consistently with what is alleged to have been intended by the parties.

We construe the conveyance by complainant and others to Joseph Keith as limited to lands in the Susan Keith tract and not as including in its description of lands conveyed any part of the ten acres in section 9 owned by complainant in severalty. Hence no relief is needed in respect of that ten acre tract.

29c

[Alabama Great Southern Railroad Co. v. Clark.]

The decree appealed from will be reversed, and one will be here renrered dismissing the bill.

Reversed and rendered.