# Welsh v. Neely, et al.

## *Bill to Reform Deed.*

(Decided June 4, 1914. 65 South. 795.)

1. *Reformation of Instrument; Deed; Mutual Mistake.*—Unless the bill and evidence shows that the parties made an agreement which, through mistake, the writing sought to be reformed does not express, equity will not reform a deed for alleged mistake.

2. *Same.*—In an action to reform a deed because of mutual mistake the bill must show what the true contract was, so that if reformation is had, the decree will merely give effect to the instrument in accordance with the real agrement of the party.

3. *Same.*—The bill examined and held to sufficiently show the true contract between the parties, and wherein by the mutual mistake the deed did not express the agreement, and is therefore not demurrable.

4. *Same; Evidence.*—The evidence examined and held to warrant a finding that the deed as executed by complainant to respondent on account of mutual mistake did not reserve 2.44 acres of a 20-acre tract in accordance with the agreement of the parties, and that complainant was entitled to have the deed reformed because thereof.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Thomas Neely and others against Emily Welsh to reform a deed. Decree for complainant, and respondent appeals. Affirmed.

The bill alleges that orator and his brothers and sisters owned a tract of land located on St. Stephens road and being known as lots 9 and 10 of the Owens division of the St. Louis tract, containing about 20 acres; that the other cotenants made a deed to orator and oratrix by which they conveyed a portion of said tract located at the corner of said tract and St. Stephens road, having a frontage of 3.67 chains on the St. Stephens road, and a depth of 6.66 chains, as shown by the original deed; that afterwards the heirs sold and conveyed to Emily Schultz now Welsh, the balance of said 20-acre tract, excepting therefrom the 2½ acres of land then in possession of orator and oratrix; that it was intended that orator and oratrix sign the deed, but that they did not sign the deed, and it is not prepared by them or by any one for them or under their direction; that later on another deed was prepared by the direction of Emily Schultz, or by direction of the other grantors, in which the exception read as not including the 2½ acres of land which is now in the possession of Thomas Neely, and the boundaries of which are marked by a wire fence

which runs between the portion in his possession, and the balance of the 20 acres which is thereby conveyed; that without noticing or their attention being called to the wording of the portion orator and oratrix signed it, but that at that time there was no wire fence separating the land, but there was a plank fence which separted a portion of the tract, but did not wholly surround the property which had been conveyed to orator, as there was a portion of the lot not included by any fence. The bill then alleges that it was not the intention of orator to convey to Emily Schultz anything except his interest in the balance of said 20-acre tract excepting the 2½ acres which had been conveyed to them by the other co-owners. The controversy seems to have been been over whether or not the small piece of land which was not inclosed in the fence, and that said Emily Schultz had inclosed a part of it, out of which had arisen several difficulties, etc.

GORDON & EDDINGTON, for appellant. It must affirmatively appear that the mistake was common to both parties, and that as executed the deed expressed the contract of neither party.—18 Enc. P. & P. 781-2; *Keith v. Woodruff,* 136 Ala. 448. Neither the pleading nor the evidence came up to this requirement.—*Hertzler v. Stevens,* 119 Ala. 336; *Guilmartin v. Urquhart,* 82 Ala. 572; *Hinton v. Ins. Co.,* 63 Ala. 488; *Smith v. Allen,* 102 Ala. 406. The burden is always on complainant.—Authorities supra.

ERVIN & MCALEER, for appellee. The intention of the parties must control in determining what land is actually bought and sold.—*Laufer v. Moppins,* 44 Tex. Civil Appeals 472, 99 South Western 109, cited in 34 Cyc. 936. In general a misdescription in a deed will be cor-

rected.—3 Cyc. 936, 2-3. It is not necessary that both parties must *admit* the mistake.—34 Cyc. 919-93. A mistake being shown it is of no consequence that the instrument was read by the parties before signing.— 34 Cyc. 919-94. When there is an agreement on the terms of a contract, and a mistake is made, not in the terms agreed on, but in their expression, or the memorial made and kept to furnish evidence of them, chancery, as a rule will reform the memorial or evidence, so as to make it express their real agreement.—*Houston v. Faul,* 86 Ala. 233.

DE GRAFFENRIED, J.—The complainants, in this proceeding, seek the reformation of a deed upon the ground of mutual mistake. In proceedings of this sort a court of equity will not reform the instrument unless the bill shows, and the evidence also shows, that the parties to the instrument made an agreement which, through mistake, the writing sought to be reformed does not express.—*Keith, et al. v. Woodruff,* 136 Ala. 443, 34 South. 911.

In such a case the bill must show what the true contract was, and if reformation is had the decree of the court will simply give effect to the instrument in accordance with the real agreement of the parties. In other words, the decree of the court will simply give effect to the instrument in accordance with the real agreement of the parties. In other words, the decree of the court will simply declare the instrument to be what the parties intended it to be and what it in reality would have been but for the mistake.—*Keith, et al. v. Woodruff, supra.*

1. While the allegations of the bill in the instant case might have been somewhat more specific, we think that it shows what the true contract between the parties was

and wherein, by mutual mistake, the deed is not expressive of the understanding or agreement. We are therefore of the opinion that the bill of complaint was not subject to demurrer.

2. The evidence discloses that the complainants, when they executed the conveyance, were in possession of 2.44 acres of land, no part of which did they intend to sell to respondent and no part of which did respondent intend to buy from complainants. In other words, we think it clear that, when the deed was executed and delivered, it was not thought by either party that the deed embraced any part of said 2.44 acres of land. Originally complainants were tenants in common with other parties of a 20-acre tract of land. Complainants bought from the other tenants in common 2.44 of this 20-acre tract. This 2.44-acre tract was, in the deed to complainants, appropriately described so that its boundaries were easily ascertainable. Subsequently respondent entered into negotiations for the purchase of the remainder of said 20-acre tract, viz., 17.56 acres, from all of the tenants in common of the same. A deed was prepared, and all of the tenants in common were expected to execute it. All of the tenants in common, except complainants, did, in fact, execute and deliver the deed. In *this* deed the 17.56 acres were by a mistake misdescribed. Subsequently complainants conveyed their interest in said 17.56 acres to respondent. The deed which was signed and delivered by complainants to their undivided interest in said 17.56 acres followed the description which was given to the land in the deed which had already been made to respondents by the other tenants in common of said land, and, of course, the same error in the description appeared. By this error the deed from complainants to respondent was made to convey not only their undivided interest in

said 17.56 acres—all that they intended by said convey-
ance to sell and all that respondent intended to ·buy—
but also a part of the 2.44 acres which complainants
alone owned and were alone possessed of.  It was this
error which this bill was filed to correct, and we think
it clear that the chancellor committed no error in grant-
ing to the complainants the relief which they sought by
their bill.

The decree of the court below is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ.,
concur.