[Stricklin v. Kimbrell, et al.]

# Stricklin *v.* Kimbrell, *et al.*

*Bill to Enjoin Judgment in Ejectment.*

(Decided June 3, 1915.   69 South. 14.)

1. *Judgment; Bar; Equitable Defense.*—Where a defendant in eject-ment had only an equitable defense, he is not prevented from main-taining a bill to restrain the enforcement of the judgment in ejectment because he did not come into chancery to assert his equitable defense before the rendition of the judgment in ejectment.

2. *Reformation of Instrument; Essentials; Bill.*—Since a court of equity may make a conveyance conform to the agreement or in-tent of the parties, where the averments of the bill to reform a deed, and the proof thereunder showed that complainants were in posses-sion of land under a recorded deed from a source of title, common to respondent; that on the conveyance from the common source, the boundaries of the land were pointed out on the premises; that the grantor of the defendant knew that he was not purchasing land out-side of such boundaries, and that the erroneous description was added after the execution of the deed, without the knowledge of the grantor, it was not error to refuse to dismiss the bill for want of privity be-tween complainants and respondents.

APPEAL from Fayette Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by N. H. Kimbrell and another, against T. L. Stricklin to enjoin a judgment in ejectment, and for re-formation of a written instrument. Decree for com-plainants and respondent appeals. Affirmed.

BEASLEY & WRIGHT, for appellant.

McNEIL & MONROE, for appellee.

THOMAS, J.—The appellant originally brought suit in ejectment in the circuit court of Fayette county against N. H. Kimbrell, one of the appellees, and re-covered judgment for the lands involved in this suit. From this judgment an appeal was taken to the Su-preme Court, but, the appellant failing to present the

cause either by bill of exceptions or on the record, the judgment was, on April 23, 1914, affirmed on certificate.

One of the appellees, N. H. Kimbrell, on the 13th day of April, 1914, filed his bill in the chancery court of Fayette county, Ala., against appellant, T. L. Stricklin, praying the reformation of the deed under which he claimed the land in lot 22 west of the wire fence crossing the lot from north to south, and that a temporary writ of injunction be issued restraining the further prosecution of said ejectment suit until the final hearing of the cause, and that on final hearing of the cause Stricklin be restrained from the further prosecution of the ejectment suit.

On the 20th day of April, 1914, the chancellor of the division in which the bill was filed refused the injunction applied for, and indorsed his refusal on the bill. On the 27th day of April, before answer and service, the said Kimbrell amended his bill by alleging that said ejectment suit judgment had been affirmed by the Supreme Court, and made his application to Hon. John C. Anderson, as Chief Justice of the Supreme Court of Alabama, for the injunction applied for in the bill. The application was granted, and injunction issued staying the proceedings in the circuit court upon the judgment in the ejectment suit until the disposition of the cause in the chancery court.

(1) 1. The court committed no error in assuming jurisdiction of the cause after trial of the ejectment suit in the circuit court. The defendant in ejectment, having an equitable defense only, is not prevented from maintaining his bill to restrain the enforcement of the judgment merely because he did not assert his equitable defense in a court of equity before the rendition of the

judgment in a court of law. Such delay in asking for relief in a court of equity does not constitute laches.— *Humphries v. Adkins, et al.*, 142 Ala. 517, 38 South 840, 110 Am. St. Rep. 42; *Stevens v. Hertzler*, 114 Ala. 564, 22 South. 121; *Kennedy v. Davis*, 171 Ala. 617, 55 South. 104, Ann. Cas. 1913B, 225.

The case of *Henley v. Chabert et al.*, 189 Ala. 258 South. 993, is not in conflict with the above authority. The theory of the bill in the *Henley Case* was to seek relief from the judgment alleged to be the result of fraud, accident, or surprise, unmixed with fault or neglect on the part of the complainant.

In the case before us the complainants, N. H. and D. P. Kimbrell, sought to enjoin procedure at law till they could assert their equitable defense, and no question of accident, surprise, or fraud was relied on. There was no error in overruling appellant's motion to dismiss the bill for want of equity.

(2) 2. The appellant in argument and in the assignment of errors challenges the ruling of the chancellor in declining to dismiss the bill. The objection is that: "No such privity existed between the appellees and appellant as would entitle appellees to maintain this bill to reform their deed."

The averments of the bill are, and the proof shows, that appellees, and those through whom they claim title were in the possession of the land west of the wire fence, in lot 22, under deeds which were properly recorded in the public records of the county; that appellant and appellees claim title through a common source, Dr. W. O. Collins; that when Collins sold to appellant's grantor he pointed out the line of the western boundary, along the wire fence across lot 22, and placed "angle bars" at the corners, and did not sell any land in lot

22 west of where said wire was then and is now located; that this grantee, Kimbell, knew he was not purchasing, and Dr. Collins did not then own, any land west of said wire fence; that when said Collins conveyed the land to Kimbrell he did not describe the boundaries of the lot conveyed by measurement in feet.

Dr. Collins' grantee, Kimbrell, is positive that he did not purchase from Collins beyond said wire fence; that at the time the deed was executed to him the dimensions of the lot were not given him in feet, as appears in the deed, but that this description was added by a third person, in the absence and without the knowledge of Collins, after the latter had executed and delivered the same; that he sold the lands to said wire fence to his grantee, Alexander, and pointed out to him said wire fence as the western boundary line, and showed him each corner, but did not put him in posession of any land west of the wire fence; and that he pointed out this same line and wire fence to the appellant, T. L. Stricklin.

The averments of the bill show that appellees were entitled to the equitable relief prayed for as purchasers of the land west of said wire fence.—*Jones v. McNealy et al.,* 139 Ala. 379, 384, 35 South. 1022, 101 Am. St. Rep. 38; *Harris v. Ivey,* 114 Ala. 363, 21 South. 422. A court of equity may make a conveyance conform to the agreement or the intention of the parties. 4 Pom. Eq. Jur. 1376;—*Hammer v. Lange,* 174 Ala. 340, 56 South. 574; *Gullmartin v. Urquhart,* 82 Ala. 570, 1 South. 897.

3. The court committed no error in not sustaining appellant's plea No. 1. There was a wire fence running north and south across lot 22, and appellees and those through whom they claimed title were in possession of

[Stricklin v. Kimbrell, et al.]

the land west of said wire fence under deeds recorded as provided by the statute. Dr. Collins, the common source of title of the parties to this suit, as a witness, shows without question that the conveyance and possession was limited to the dividing line marked by the wire fence. This fact of actual occupancy by appellees and their grantors was sufficient to deprive appellant of his plea of bona fide purchaser.

Aside from this notice, the witness Kimbrell brings home to appellant, Stricklin, actual knowledge that the fence was the line before the date of appellant's purchase of the land in question from Alexander.—*Price v. Bell*, 91 Ala. 180, 8 South. 565; *Rankin Mfg. Co. v. Bishop*, 137 Ala. 275, 34 South. 991; *Harris et al., v. Ivey*, 114 Ala. 363, 21 South. 422; *Reynolds v. Kirk*, 105 Ala. 466, 17 South. 95; *Kent v. Dean*, 128 Aa. 600, 610, 4 South. 380; *Burt v. Cassety*, 12 Ala. 734.

Amendment to the bill, making the joint owner, D. P. Kimbrell, a party, was properly allowed on motion in the court below. Code 1907, §§ 5366, 5367.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE. JJ., coucur.