(85 South. 415)

### CLABORNE v. NICHOLS.  (7 Div. 42.)

(Supreme Court of Alabama. Feb. 5, 1920. On Rehearing, May 20, 1920.)

1. **Appeal and error** ⚖️1012(1)—**Finding of court not disturbed unless against great weight of evidence.**

Conclusion of trial court on oral evidence will not be disturbed unless it is plainly contrary to the great weight of evidence.

2. **Homestead** ⚖️31—**Land must have been impressed with homestead character.**

Land was not necessarily decedent's homestead at the time of his death, so as under Code 1896, § 2071, to vest absolutely in his widow and minor children, because it was not only the only land he owned but was within the permissible area and value, but it is necessary that it should have been impressed with the homestead character.

### On Rehearing.

3. **Courts** ⚖️206(½) — **Original motion to transfer from law to equity docket cannot be entertained in Supreme Court.**

Gen. Acts 1915, p. 831, does not authorize the Supreme Court to direct, originally, transfer from the law to the equity docket of the circuit court of a case in which only equity may afford appropriate relief, but contemplates original action in the trial court, subject, when decided by the trial court, to review by appeal.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

Ejectment by J. B. Nichols against V. A. Claborne. Judgment for plaintiff, and defendant appeals. Affirmed.

The plaintiff was the son of James G. Nichols and was of age at the time of his father's death. His father died leaving a widow and eleven children, five of whom were minors at

that time. The defendant claimed through a deed from the widow Nichols to Chris Colias and certain deeds from the minor heirs to the widow Nichols and to Colias and a deed from Chris Colias and his wife, who was a minor heir of Nichols, to V. A. Claborne. The evidence was in dispute as to the homestead features of the land at the time of the death of James Nichols.

A. Latady, of Birmingham, and E. O. McCord, of Gadsden, for appellant.

Nichols died in 1898, and the law governing is section 2071, Code 1896. 182 Ala. 284, 62 South. 75; 124 Ala. 298, 26 South. 944; 69 Ala. 506. Under this section, the title vested absolutely in the widow and minor children, without any administration. 126 Ala. 280, 28 South. 676; 165 Ala. 131, 51 South. 358. The law attaches and vests the exemption as absolutely as if the particular property had been selected, set apart, and declared to be exempt. 117 Ala. 432, 23 South. 521; 118 Ala. 209, 23 South. 698; 119 Ala. 412, 24 South. 345; 126 Ala. 280, 28 South. 676; 127 Ala. 301, 28 South. 713; 137 Ala. 243, 34 South. 182. The land was impressed as a homestead. 129 Ala. 643, 29 South. 777.

On rehearing, counsel insist that Claborne had an equity in the land that a court of equity would protect, and that under section 2, p. 831, Acts 1915, it was the duty of the court to transfer the case to the equity docket.

W. R. Bradford, of Albertville, for appellee.

The court tried the case without the intervention of the jury. The facts justify the finding, and the reviewing court will not disturb it. 6 Ala. App. 404, 60 South. 468; 6 Ala. App. 211, 60 South. 512; 195 Ala. 353, 70 South. 153; 2 Ala. App. 81, 57 South. 134. In any event, the court properly found for the plaintiff. 178 Ala. 463, 60 South. 99; 2 Ala. App. 604, 56 South. 767; 5 Ala. App. 579, 59 South. 343.

McCLELLAN, J. The plaintiff (appellee) instituted this action of statutory ejectment against the appellant to recover the northwest quarter of section 3, township 8, range 6, in De Kalb county. The trial was by the court without a jury. Judgment was accorded plaintiff for an undivided one-eleventh interest in the land. The only assignment of error urged in the brief for appellant is predicated, in effect, of the court's conclusion of fact, leading to the judgment rendered. The determining question was and is this: Whether the land in suit was the "homestead" of John G. Nichols, plaintiff's father, at the time of his death in January, 1898, within the purview of Code 1896, § 2071, which provides:

"When the homestead set apart to the widow and minor child or children, or either, constitutes all the real estate owned in this state by the decedent at the time of his death, the title to such homestead vests absolutely in them, whether there be administration on the estate of the decedent or not."

If the land in question was impressed at the time of John G. Nichols' death (January, 1898) with the homestead character and the other conditions prescribed in this statute were present, then plaintiff was not entitled to recover; plaintiff being an adult at the time, and a widow and five minor children also surviving the decedent.

[1, 2] Since the trial was by the court, without jury, the evidence entirely oral—so far as the main issues were concerned—the conclusion of the court will not be disturbed unless it is plainly contrary to the great weight of the evidence. McCay v. Parks, 201 Ala. 647, 79 South. 119, and previous decisions there cited, among others readily accessible. The evidence has been carefully examined; and the finding of the court below is at least so far justified by this theory, projected by the evidence, as to forbid, under the stated rule, a conclusion at variance with that attained by the court hearing and observing the witnesses, viz., that the land described in the complaint was not occupied as a homestead by John G. Nichols at the time of his death or was not so used by him as to impress the homestead character upon it; he not residing on this land at that time. The argument for appellant stresses the asserted fact—true, it may be—that the decedent only owned this 160 acres, worth not over $1,000, at the time of his death, and from this premise imputes error to the trial court's conclusion. There is some evidence opposed to this assertion; but if appellant's contention in this respect was conceded, still the theory just indicated, favorable to the correctness of the court's finding, would not be thereby neutralized or avoided—it being not only necessary, under section 2071, that the area and value should be within its definition, but, also, that the land should have been impressed with the homestead character. According proper application of the rule stated, it cannot be affirmed on this record that the trial court erred in the conclusion attained.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. [3] Neither section 2, nor any other section, of the act approved September 28, 1915 (Gen. Acts 1915, p. 831), purports to authorize this court to direct, originally, the transfer from the law to the

equity docket of a circuit court a case in which only equity may afford appropriate relief. The practice established by that act contemplates original action in a trial, not an appellate, court; subject, when decided by the trial court, to review by appeal.

The application is denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

---

⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes