(94 South. 826)

## STOVER et al. v. HILL. (8 Div. 394.)

(Supreme Court of Alabama. Oct. 26, 1922. Rehearing Granted Dec. 7, 1922.)

1. **Trial �in>11(2)—Motion to transfer to equity side casts on presiding judge duty to decide proper forum.**

Gen. Acts 1915, p. 831, § 2, casts upon the presiding judge of the circuit court the duty of deciding in which forum the cause should proceed after petition in an action at law that it be transferred to the equity side.

2. **Appeal and error ⌐>949—Setting aside submission will not be reviewed.**

The setting aside of the final submission of a cause in equity in order that the pleadings might be recast is within the inherent powers and the sound discretion of the circuit court, and will not be reviewed.

3. **Appeal and error ⌐>1046(3)—Casting burden on defendant at law to remove to equity held not prejudicial.**

The defendant in an action at law, who asserted an equitable defense and petitioned to have the cause removed to equity, is not prejudiced by the casting on him of the burden of alleging and proving his equitable right as complainant in the equity suit, which was the same burden he would have in order to maintain such right as a defense.

4. **Appeal and error ⌐>761—Argument merely repeating assignment of error does not require consideration.**

An argument in support of an assignment of error in sustaining demurrers to the bill, referring to the record where the decree sustaining the demurrer was shown, and stating the decree was made the basis of the assignment, was a mere repetition of the assignment of error, insufficient to present it for review.

5. **Evidence ⌐>44—Court judicially knows who were the judges of particular circuit court.**

The Supreme Court judicially knows who were the two judges of the Eighth judicial circuit, under Gen. Acts 1915, pp. 809, 811, at the time the cause was submitted.

6. **Equity ⌐>241—Judge can determine demurrer submitted to another judge of the same court without notice to parties.**

Where a cause was submitted for decree or demurrer at a term of the circuit court on which one judge of the court was presiding, it was not error for the other judge of the same circuit to render the decree sustaining the demurrer without the parties to the cause having had notice thereof, or any record entry being made that the questions would be determined by another judge of the same court.

7. **Appeal and error ⌐>761—Argument held sufficient to present ruling on motion to reinstate cause.**

An argument that an appeal was properly taken from the decree dismissing the bill for failure to file an amended bill within time allowed after demurrer was sustained, and that the error consisted in dismissing the case for failure to amend when there was a sufficient bill, was a sufficient argument to present the ruling of the court on the motion for rehearing or reinstatement of the cause to the docket.

8. **Equity ⌐>430(1) — Statute for opening within four months does not apply to equity case.**

Code 1907, § 5372, authorizing the opening of a judgment within four months under certain conditions, has no application to equity cases.

9. **Equity ⌐>368—Dismissal for failure to amend cannot be questioned by motion to reinstate after expiration of term.**

After the expiration of the term at which a final decree was rendered dismissing the bill for complainant's failure to amend within the time allowed after demurrer was sustained, a motion for rehearing or reinstatement cannot, under chancery rule 83, question the action in dismissing the bill.

10. **Appeal and error ⌐>973—Action on motion to reinstate after dismissal is not reviewable.**

The action of the lower court on motion to reinstate the cause after dismissal of the bill for failure to amend within the time allowed

---

⌐>For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

after demurrer thereto was sustained is not subject to review.

## On Rehearing.

**11. Reformation of instruments ⊚═26—Bill may be maintained by subsequent grantee from common source.**

A bill to reform a deed may be maintained by a subsequent grantee deriving title from the common source, who has acquired the common grantor's right to the part of the land included by mistake in the description in the deed sought to be reformed.

**12. Reformation of instruments ⊚═8—Deed founded on good not valuable consideration may be reformed.**

The fact that a deed was founded on a good, as distinguished from a valuable, consideration does not prevent its reformation for mutual mistake of the parties.

**13. Reformation of instruments ⊚═36(4)—Prayer to reform or partially cancel deed so as to exclude complainant's lands not inconsistent.**

Where the bill alleged that the deed to defendant by mutual mistake included some of the land previously conveyed to complainant's predecessor in title, a prayer for reformation of the deed or for partial cancellation or correction thereof, so as not to embrace complainant's land, was not inconsistent.

**14. Reformation of instruments ⊚═36(2)—Description in bill of land intended to be conveyed held sufficient.**

In a bill to reform a deed so as to exclude from the description land previously conveyed to complainant, which was correctly described in the bill, allegations that it was intended by the deed to convey to the grantee 20 acres over on the mountain, that the grantee took possession of the 20 acres on the mountain, sold timber and posts off from it, and offered it for sale, were sufficient to put the grantee on notice as to the specific land he was averred to own by reason of the conveyance.

Appeal from Circuit Court, Lawrence County; Robert C. Brickell, Judge.

Bill by Minnie Stover and G. E. Stover against J. W. Hill. Decree for respondent, and complainants appeal. Reversed and remanded.

The amended bill alleges that A. J. Hill and J. M. Hill, the mother and father of the parties, prior to November 4, 1912, owned a certain farm in Lawrence county, known as the Torence place, containing about 80 acres; that they had expressed an intention that, at their death, this land should go to, and belong to, their daughter, Dora Chaney; that they placed said Dora and her husband, John Chaney, in possession of the land, and allowed them to use and occupy it for a number of years at a nominal rental, telling said Dora and her husband to go ahead and make any improvements they desired, since it was their intention that Dora should have it at their death; and that said Chaney did so occupy and use the land for a number of years, making valuable improvements thereon, which improvements were located on the 20 acres involved in this suit.

It is alleged that prior to his death, J. M. Hill conveyed the land in question and other lands to A. J. Hill, the mother; that shortly before her death in 1915, A. J. Hill, in pursuance of the before stated intention, conveyed the Torence place to Dora Chaney—a copy of which conveyance is exhibited with the bill, bearing date November 4, 1915, reciting a consideration of $500 paid, and describing the land conveyed as N. E. ¼ of the N. W. ¼ of section 35, and S. E. ¼ of S. W. ¼ of section 26, township 7, range 6.

It is alleged that A. J. and J. M. Hill also owned lands known as the Puckett place, and expressed an intention that this tract should go to their daughter, Minnie Stover; that conveyance thereof was made by A. J. Hill to Minnie Stover on November 4, 1915. The mother, A. J. Hill, died November 21, 1915, after which Dora Chaney and her husband took possession of and rented the land for the year 1916, to one Stephenson. Thereafter Dora Chaney and Minnie Stover traded places, the one getting the Puckett place, the other, the Torence place and paying a difference of $300. A copy of the deed executed by Dora Chaney and her husband to Minnie Stover and her husband is exhibited with the bill, bears date December 20, 1915, and recites a consideration of $800. It is alleged that the complainants, the Stovers, continued said Stephenson as their tenant and, after crops gathered in the fall of 1916, themselves moved on the land and into the house occupied by the tenant, which is on the 20 acres in question.

The bill alleges that, prior to November, 1912, A. J. Hill, gave to the respondent, J. W. Hill, certain 60 acres of land, which respondent in November, 1912, sold A. J. Hill joining in the conveyance; and that on the same day the conveyance was executed the mother, A. J. Hill, undertook to give and convey to her son, J. W. Hill, 20 acres of other land, known at the time by the parties as 20 acres of land "over on the mountain"; that "said A. J. Hill executed the deed to respondent under which he is claiming in this case, intending at the time, as respondent then knew, to convey thereby said land on the mountain."

The deed from A. J. Hill to J. W. Hill bears date November 19, 1912, recites a consideration of $1, and conveys the N. ½ of S. E. ¼ of S. W. ¼, section 26, township 7, range 6.

The bill further avers that, A. J. Hill was without experience in describing land by land numbers; that, not intentionally but through mistake, she included in said deed to J. W. Hill

---

⊚═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

20 acres of the Torence place instead of 20 acres over on the mountain, and that the description in said deed of the land involved in this suit was a mutual mistake of the parties thereto; that the respondent, after the death of his mother, took possession of the 20 acres on the mountain his mother had intended to convey to him, claimed it as his own, cutting timber therefrom and offering the land for sale; that respondent knew his sister Dora Chaney had taken possession of the Torence place and had traded it to his sister Minnie Stover; that he knew Stephenson had occupied it as a tenant under Minnie Stover for the year 1916, and had made no objection, and never made any claim to the place until the winter of 1916; that he admitted on Christmas Eve of that year, to his sister Dora, that his mother did not intend for him to have the Torence place; but later, however, made written demand therefor and on January 30, 1917, filed statutory ejectment for the land in question, which, as appears, was transferred to the equity docket. At the time of filing the ejectment suit, it is alleged, complainants were, and have been since, in actual, peaceable possession of the land.

Paragraph 6, added by amendment, is:

"There is no suit now pending in any court except this suit to test the validity of any claim held upon said 20 acres of the Torence place by respondent J. W. Hill, and the said J. W. Hill claims or is reputed to claim, or have, or own some interest in, or title to, or incumbrance upon, said north half of the southeast quarter of the southwest quarter of section 26, township 7, range 6 west."

The amended prayer is:

"Wherefore, complainants pray that the said J. W. Hill be required to set forth and specify what title to, lien or incumbrance upon, said land, he holds, and by what instrument the same is derived or created, and that upon final hearing of this cause a decree be rendered reforming the deed of A. J. Hill to J. W. Hill, dated November 19, 1912, so that the same does not include the said north half of the southeast quarter of the southwest quarter of section 26, township 7, range 6 west, under which the respondent claims said land, or that said deed be canceled; that the said action of ejectment begun by the said J. W. Hill be enjoined, and the said J. W. Hill be perpetually enjoined from prosecuting said suit, or in any way claiming, or attempting to claim, said lands involved in this suit, or interfering with complainant's possession thereof, and complainants pray for all other and further relief to which they may be entitled, and for general relief."

G. O. Chenault, of Albany, for appellants.

A bill to reform a deed may be maintained by subsequent grantees in privity with the original grantor. 139 Ala. 379, 85 South. 1022, 101 Am. St. Rep. 38; 23 R. C. L. 338; 34 Cyc. 95. A purchaser from the grantor is entitled to have a misdescription corrected in a voluntary deed given by his grantor prior to the purchase. 23 R. C. L. 338, 345. This appeal is properly taken from the decree dismissing the bill, although no amendment was made to the bill after demurrers were sustained, and the decrees sustaining the demurrers to the bill are properly assigned as error upon this appeal. Code 1907, § 2838; 93 Ala. 245, 9 South. 719; 96 Ala. 227, 10 South. 848.

Tennis Tidwell, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

THOMAS, J. Initial proceeding was by suit on the law side of the circuit court and was for statutory ejectment in which J. W. Hill was plaintiff and G. E. and Minnie Stover were defendants. After execution of process, defendants by way of petition set up an equitable defense and indicated that Dora Chaney was a necessary party in interest as to a portion of the land sued for.

[1] On consideration of the petition it was ordered that the cause be transferred to the equity side of the circuit court, under provisions of the statute (Gen. Acts 1915, p. 831, § 2), which cast upon the presiding judge the duty of deciding in which forum such cause should proceed and be disposed of. Claborne v. Nichols, 204 Ala. 282, 85 South. 415; Ellis v. Drake, 206 Ala. 145, 89 South. 388.

In attempting to recast the pleading in conformity with the requirements obtaining in courts of equity, the plaintiff, Hill, stated his cause by an original bill against Minnie Stover and Dora Chaney; and later G. E. Stover was permitted to intervene as a respondent. Respondents Stovers filed their answer, making the same a cross-bill, praying that complainant be restrained from prosecuting his suit for the possession of said lands or a portion thereof, and incorporated in their answer and cross-bill demurrer to the original bill.

Submission for decree on demurrers to the bill and cross-bill resulted in the sustaining of demurrer as to the failure of the bill to show that a certain deed or deeds represented therein to be "a will" had "been proven or probated as a will" (National Order, etc., v. Lile, 200 Ala. 508, 76 South. 450), and in overruling the ground of demurrer to the cross-bill that there is no equity therein for that the "conveyance sought to be reformed is shown to have been voluntary," etc. Larkins v. Biddle, 21 Ala. 252; Jones v. McNealy, 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38.

The original bill was amended to conform to the foregoing ruling on demurrer; complainant, Hill, answered the cross-bill and incorporated in such answer demurrers thereto; and respondent Chaney answered the bill as amended and the cross-bill.

[2, 3] On September 13, 1918, submission for final decree was had on the respective pleading and proof; and the trial judge, without proceeding to a hearing and decision thereof, ordered that the submission be set aside, gave the respective parties a reasonable time to make the pleadings conform to his interpretation of the statute, so that the defendants at law should become the complainants in equity, and cast upon them the burden of proof. Conforming to this order, the respective parties reversed the order of their pleading, making the defendants at law, in the action of ejectment, the complainants in equity, the original plaintiff becoming respondent. Such action of the court in setting aside a submission is held to be within its inherent powers and the exercise of its sound discretion (Sims Ch. Pr. § 564), which will not be reviewed. Magruder v. Campbell, 40 Ala. 611; Ex parte Ashurst, 100 Ala. 573, 13 South. 542; Yeend v. Weeks, 104 Ala. 331, 16 South. 165, 53 Am. St. Rep. 50; Jones v. White, 112 Ala. 449, 20 South. 527. This order of October 9th was in conformity with the procedure approved in Cornelius v. Moore (Ala. Sup.) 94 South. 57,[1] overruling Peebles v. Bank of Pollard, 201 Ala. 518, 78 South. 872; Warren v. Crow, 202 Ala. 680, 81 South. 636. No prejudicial error results to an appellant when the burden of allegata et probata as to equitable defense set up by way of cross-bill was the same whether such parties presented such defense by way of an original bill or by a cross-bill in a proper case. Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; Hamilton v. Terry Fur. & Loan Co., 206 Ala. 622, 91 South. 489.

[4] Assignments of error not sufficiently urged by counsel are not to be considered. Georgia Cotton Co. v. Lee, 195 Ala. 599, 72 South. 158. The third assignment of error seeks to present for review the action of the court in sustaining demurrers to the bill as last amended. Appellants' argument in support thereof is:

"The court rendered its decree sustaining the demurrer to the bill last amended, which decree is shown at page 98 of the record. This decree is made the basis of the third assignment of error."

This is merely a repetition of the assignment of error and, under our uniform rulings, is insufficient to present the same for review. Georgia Cotton Co. v. Lee, supra; Republic Iron & Steel Co. v. Quinton, 194 Ala. 126, 133, 69 South. 604; Western Union v. Benson, 159 Ala. 254, 273, 48 South. 712; Western Ry. of Ala. v. Russell, 144 Ala. 142, 150, 39 South. 311, 113 Am. St. Rep. 24; L. & N. v. Morgan, 114 Ala. 449, 456, 22 South. 20; Williams v. Spragins, 102 Ala. 424, 431, 15 South. 247.

[5, 6] The Eighth judicial circuit embraces Lawrence county, where two judges preside,

viz. Hon. O. Kyle and Hon. R. C. Brickell; and we judicially know (Hodge v. Joy, 207 Ala. 198, 92 South. 171) that they were such judges at the time the cause was submitted for final decree, from which the appeal is taken. Gen. Acts 1915, pp. 809, 811. Appellants' counsel say, in the motion to set aside the decree—and the record appears to bear out the assertion—that the cause was submitted for decree on demurrer at the April term of the circuit court, in equity, for Lawrence county, at which Hon. O. Kyle, a judge of said circuit, was presiding; and while under submission Hon. R. C. Brickell, the other judge of said circuit, rendered the decree sustaining the demurrer to the bill. This action of Judge Brickell in "undertaking to assume jurisdiction in this cause and returning a decree therein November 29, 1920," is the subject of the sixth assignment of error. Those proceedings were taken during a term of the court; and a judge of the court had jurisdiction of the parties and the subject-matter. After the cause was submitted at a session of that court, when one judge thereof was presiding, we can conceive of no reason why the parties to the cause, having so submitted the cause, should have had notice, or that any record entry be made, to the effect that during submission the questions of law presented by the demurrer would be examined and decree rendered thereon by another judge of the same court. In courts having more than one judge the purpose and terms of the statute are to facilitate procedure with due regard to the discharge of duty by the respective judges of the court, in the proper and expeditious decision of causes on submission. The insistence is without merit. There is slight analogy to be found in Kimball v. Cunningham Hdwe. Co., 201 Ala. 409, 78 South. 787; Edwards v. L. & N., 202 Ala. 463, 80 South. 847.

The record shows that on June 24, 1921, in said cause pending in the circuit court, in equity, Hon. R. C. Brickell, as circuit judge, rendered a final decree, which recites that on November 29, 1920—

"the court rendered a decree sustaining the demurrers to the bill of complaint and allowed the complainant 20 days from the date thereof in which to amend, * * * and that no amendment has been filed by the complainant to this day. It is * * * ordered, adjudged, and decreed by the court that the bill of complaint in this cause be and the same is hereby dismissed out of this court at the cost of the complainant," etc.

[7] This action of the court is made the basis of the fourth assignment of error. Treating such assignment, appellants' counsel say that the appeal is—

"properly taken from the decree dismissing the bill, although no amendment was made to the bill after demurrers were sustained, and the decree sustaining demurrer is properly assigned as error upon this appeal. Code, § 2838;

---

[1] Ante, p. 237.

Nelms v. McGraw, 93 Ala. 245 [9 South. 719]; Wadsworth v. Goree, 96 Ala. 227 [10 South. 848]"; that "the error in the final decree, which is the basis of the fourth assignment of error, consists in the dismissing of the case for failure to amend the bill when there was a sufficient 'bill by the original plaintiff as complainant, and a sufficient answer thereto by the original defendant as respondent."

This is a sufficient argument to present the ruling of the court on the motion for rehearing or reinstatement of the cause to the docket. Ala. Power Co. v. Talmadge, 207 Ala. 86, 93 South. 548; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 South. 879.

[8-10] The recurring question is, then, Is reversible error shown in dismissing the bill for failure of amendment, pursuant to former decree of the court of date November 29, 1920? The four-month statute ·(Code, § 5372) has no application to equity cases. Ingram v. Ala. Power Co., 201 Ala. 13, 15, 75 South. 304; Sharp v. Edwards, 203 Ala. 205, 82 South. 455. The term of court at which the final decree dismissed the bill had adjourned by operation of law on the last Saturday in June preceding the filing of the motion in July. Acts 1915, p. 707; Zaner v. Thrower, 203 Ala. 650, 653, 84 South. 820. The motion for rehearing or reinstatement was not made within the term of the rendition of the decree, required by chancery rule 81. Cox v. Brown, 198 Ala. 638, 73 South. 964. The action of the court in dismissing the bill for failure of required amendment cannot be questioned at a subsequent date by a motion filed for a rehearing and a ruling thereon not in accordance with chancery rule 83. Had the same been filed within the term at which the decree was rendered, the action of the court on such a motion would not be subject to review. Ex parte Gresham, 82 Ala. 359, 2 South. 486; Cox v. Brown, supra; Chenault v. Milan, 205 Ala. 310, 87 South. 537.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.

### On Rehearing.

THOMAS, J. [11] We will consider the demurrer to the bill. The lands of the respective parties were from a common source —the mother of respective parties. A bill to reform a deed may be maintained by a subsequent grantee holding from the common source, if the complainant is within the class and circumstances to whom such relief will be awarded. Jones v. McNealy, 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38; Stricklin v. Kimbrell, 193 Ala. 211, 69 South. 14; Burch v. Driver, 205 Ala. 659, 88 South. 902; Welsh v. Neely, 187 Ala. 225, 65 South. 795; Greer v. Watson, 170 Ala. 334, 54 South. 487; Sicard v. Guyllou, 147 Ala. 239, 242, 41 South.

474; Harris v. Ivey, 114 Ala. 363, 21 South. 422; Tillis v. Smith, 108 Ala. 264, 19 South. 374.

[12] The fact that the deed was founded upon a good rather than a valuable consideration is immaterial; if the conveyance does not express the intention of the grantor it will be reformed on proper pleading and proof. Jones v. McNealy, 139 Ala. 379, 384, 35 South. 1022, 101 Am. St. Rep. 38; Weathers v. Hill, 92 Ala. 492, 9 South. 412; Larkins v. Biddle, 21 Ala. 252. The averment of the bill as amended was that the mistake was mutual on the part of the grantor and grantees. Kant v. A. B. & A. R. Co., 189 Ala. 48, 66 South. 598; Welsh v. Neely, 187 Ala. 222, 65 South. 795; Peacock v. Bethea, 151 Ala. 141, 145, 43 South. 864; Goulding Fert. Co. v. Blanchard, 178 Ala. 298, 59 South. 485.

The respective conveyances in question were that from the mother, A. J. Hill, to J. W. Hill of date November 19, 1912, from A. J. Hill to Dora Chaney of date November 4, 1915, and that from Dora Chaney and husband conveying the lands to Minnie and G. E. Stover of date December 20, 1915. The fact that complainants were subsequent purchasers does not defeat their right of reformation under the facts if sufficiently averred and proven. Having acquired the common grantor's right as to the part of the land in controversy, they take her place and are entitled to enforce that right of reformation in the matter of the misdescription averred. Jones v. McNealy, 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38; Stricklin v. Kimbrell, 193 Ala. 211, 69 South. 14; Harris v. Ivey, 114 Ala. 363, 21 South. 422.

[13] There is no inconsistency in the purpose and prayer to "reform" or partially "cancel" or correct respondent's deed, so as not to embrace complainants' 20 acres and to enjoin prosecution of the suit at law for recovery of said land. Jones v. McNealy, 139 Ala. 379, 385, 35 South. 1022, 101 Am. St. Rep. 38.

[14] The true intent of the parties is averred as to the several tracts of land intended to be conveyed to the Stovers and to Dora Chaney (Welsh v. McNeely, 187 Ala. 222, 65 South. 795; Keith v. Woodruff, 136 Ala. 443, 34 South. 911), though there is no specific description by government surveys or subdivisions thereof of the 20 acres of land over on the mountain alleged to have been intended to be conveyed to respondent, Hill, other than the averments that it was not the 20 acres of the Torence place described as N. ½ of S. E. ¼ of S. W. ¼ of section 26, etc., was "over on the mountain" and that—

"J. W. Hill took possession of the 20 acres of land on the mountain that his mother gave him and intended to deed to him, and which he intended to accept a conveyance of, and sold timber and posts off the same and claimed it as his own, and offered it for sale and tried

to sell it, claiming that he had a deed to it from his mother."

This description was sufficient to put respondent on notice as to the specific 20 acres of land he was averred to own by reason of said conveyance from his mother, A. J. Hill, and of which he was called upon to answer with a more specific description if he desired to assert the same as against his sisters.

There was error in the decree of November 29, 1920, by Judge Brickell, sustaining demurrer to the bill; and there was error in his decree of June 24, 1921, dismissing the bill for failure to amend the bill of complaint pursuant to such ruling on demurrer.

The decree of the circuit court in equity is reversed, and the case is remanded for further proceeding therein.

Rehearing granted, judgment of affirmance set aside, and reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.