We will consider the demurrer to the bill. The lands of the respective parties were from a common source — the mother of respective parties. A bill to reform a deed may be maintained by a subsequent grantee holding from the common source, if the complainant is within the class and circumstances to whom such relief will be awarded. Jones v. McNealy, 139 Ala. 379,35 So. 1022, 101 Am. St. Rep. 38; Stricklin v. Kimbrell,193 Ala. 211, 69 So. 14; Burch v. Driver, 205 Ala. 659,88 So. 902; Welsh v. Neely, 187 Ala. 225, 65 So. 795; Greer v. Watson, 170 Ala. 334, 54 So. 487; Sicard v. Guyllou,147 Ala. 239, 242, 41 So. 474; Harris v. Ivey, 114 Ala. 363,21 So. 422; Tillis v. Smith, 108 Ala. 264, 19 So. 374.
The fact that the deed was founded upon a good rather than a valuable consideration is immaterial; if the conveyance does not express the intention of the grantor it will be reformed on proper pleading and proof. Jones v. McNealy, 139 Ala. 379, 384,35 So. 1022, 101 Am. St. Rep. 38; Weathers v. Hill, 92 Ala. 492,9 So. 412; Larkins v. Biddle, 21 Ala. 252. The averment of the bill as amended was that the mistake was mutual on the part of the grantor and grantees. Kant v. A. B. A. R. Co.,189 Ala. 48, 66 So. 598; Welsh v. Neely, 187 Ala. 222,65 So. 795; Peacock v. Bethea, 151 Ala. 141, 145, 43 So. 864; Goulding Fert. Co. v. Blanchard, 178 Ala. 298, 59 So. 485.
The respective conveyances in question were that from the mother, A. J. Hill, to J. W. Hill of date November 19, 1912, from A. J. Hill to Dora Chaney of date November 4, 1915, and that from Dora Chaney and husband conveying the lands to Minnie and G. E. Stover of date December 20, 1915. The fact that complainants were subsequent purchasers does not defeat their right of reformation under the facts if sufficiently averred and proven. Having acquired the common grantor's right as to the part of the land in controversy, they take her place and are entitled to enforce that right of reformation in the matter of the misdescription averred. Jones v. McNealy, 139 Ala. 379,35 So. 1022, 101 Am. St. Rep. 38; Stricklin v. Kimbrell,193 Ala. 211, 69 So. 14; Harris v. Ivey, 114 Ala. 363, 21 So. 422.
There is no inconsistency in the purpose and prayer to "reform" or partially "cancel" or correct respondent's deed, so as not to embrace complainants' 20 acres and to enjoin prosecution of the suit at law for recovery of said land. Jones v. McNealy, 139 Ala. 379, 385, 35 So. 1022, 101 Am. St. Rep. 38.
The true intent of the parties is averred as to the several tracts of land intended to be conveyed to the Stovers and to Dora Chaney (Welsh v. McNeely, 187 Ala. 222, 65 So. 795; Keith v. Woodruff, 136 Ala. 443, 34 So. 911), though there is no specific description by government surveys or subdivisions thereof of the 20 acres of land over on the mountain alleged to have been intended to be conveyed to respondent, Hill, other than the averments that it was not the 20 acres of the Torence place described as N. 1/2 of S.E. 1/4 of S.W. 1/4 of section 26, etc., was "over on the mountain" and that —
"J. W. Hill took possession of the 20 acres of land on the mountain that his mother gave him and intended to deed to him, and which he intended to accept a conveyance of, and sold timber and posts off the same and claimed it as his own, and offered it for sale and tried *Page 580 
to sell it, claiming that he had a deed to it from his mother."
This description was sufficient to put respondent on notice as to the specific 20 acres of land he was averred to own by reason of said conveyance from his mother, A. J. Hill, and of which he was called upon to answer with a more specific description if he desired to assert the same as against his sisters.
There was error in the decree of November 29, 1920, by Judge Brickell, sustaining demurrer to the bill; and there was error in his decree of June 24, 1921, dismissing the bill for failure to amend the bill of complaint pursuant to such ruling on demurrer.
The decree of the circuit court in equity is reversed, and the case is remanded for further proceeding therein.
Rehearing granted, judgment of affirmance set aside, and reversed and remanded.
ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.